

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**RECEIVED** JXM

11/2/2023

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

|  |  |
|---|---|
| **James Chelmowski**<br><br>        Plaintiff<br><br>    v.<br><br>**Federal Communication Commission ("FCC"),**<br><br><br>        Defendant. | Case No. **23CV15596**<br>      **Judge John J. Tharp**<br>      **Magistrate Judge Young B. Kim**<br>      **RANDOM/CAT 3**<br>***COMPLAINT FOR DECLARATORY AND***<br>***EMERGENCY INJUNCTIVE RELIEF*** |

# **Table of Contents**

I.    INTRODUCTION ................................................................................................ 1

   Any Person's Legal Rights to the FCC Federal Records Enforceable in Court ....................... 2

   Heads of the FCC's Knowledge of the Fraud Within the FCC .................................. 2

II.    JURISDICTION AND VENUE ........................................................................ 3

III.   PARTIES ............................................................................................................ 3

IV.   STATUTORY BACKGROUND ...................................................................... 4

   FOIA ................................................................................................................... 4

   Privacy Act ......................................................................................................... 4

V. STATEMENT OF FACTS ................................................................................... 5

   A1. Chelmowski's First-Party FOIA and Privacy Act Request................................. 6

   A2. September 29, 2023 FOIA Response and Responsive Records ........................... 9

   A3. Chelmowski's September 29, 2023 FOIA Appeal/AFR ................................... 9

      Argument #1 – This is an FCC Illegal Concealment Scheme of FCC's Facts of Processing Chelmowski's 2017 Request and FOIA Appeal ................................ 9

      Argument #2 – This FOIA and Privacy Act is Not a Duplicate Request .............................. 12

      Argument #3 – FCC Never Provided These Responsive Documents in Any Other Request 12

      Argument #4 – The FCC Cannot Deny Chelmowski's Rights Even if these records provide facts of FCC malfeasant and/or Fraudulent Acts.................................. 12

      Argument #5 – The FCC Cannot Delete or Destroy Any of the Responsive Records Even if these records provide facts of FCC malfeasant and/or Fraudulent Acts. ............................. 13

      Argument #6 – The FCC Cannot Use This FOIA Appeal/AFR Process to Illegal FOIA Denial to Delay Chelmowski's Rights to the Responsive Records That Were Required to Produced on May 10, 2023 ................................................................. 13

   A5. The FCC Would Not Provide Any FOIA Appeal/AFR Decision ..................................... 13

   A6. Chelmowski Meet All Requirements for FOIA Judicial Relief........................................ 13

      FCC Policies and Procedures on Judicial Review.................................................. 13

   A7. July 29, 2022 Request Processed under Privacy Act ......................................................... 14

      FCC Refused to Comply with the FCC's Privacy Act Policies and Procedure ................... 14

   A8. FCC's Blatant Disregard of Chelmowski's Rights ............................................................ 15

   A9. Chelmowski Meet All Requirements for Privacy Act Judicial Relief ............................... 15

   B1. Chelmowski's August 30, 2023 First-Party FOIA and Privacy Act Request ................... 16

   B2. September 19, 2023 FOIA Response and Responsive Records ........................................ 17

   B3. Chelmowski's September 21, 2023 FOIA Appeal/AFR ................................................... 18

      Argument #1 – This FOIA and Privacy Act is Not a Duplicate Request.............................. 18

Argument #2 – FCC Never Provided These Responsive Documents in Any Other Request 19

Argument #3 – The FCC Cannot Deny Chelmowski's Rights Even if these records provide facts of FCC malfeasant and/or Fraudulent Acts. ............................................................ 19

Argument #4 – The FCC Cannot Delete or Destroy Any of the Responsive Records Even if these records provide facts of FCC malfeasant and/or Fraudulent Acts. ............................. 20

Argument #5 – The FCC Cannot Use This FOIA Appeal/AFR Process to Illegal FOIA Denial to Delay Chelmowski's Rights to the Responsive Records That Were Required to Produce on September 29, 2023 ............................................................................................ 20

B4. The FCC Would Not Provide Any FOIA Appeal/AFR Decision ...................................... 20

B5. Chelmowski Constructive Exhausted All Administrative Remedies When the Heads of the FCC Decided Not to Provide a FOIA Appeal/AFR Decision in over 20 Working Days ......... 20

B6. August 30, 2023 Request Processed Under Privacy Act .................................................... 21

FCC Privacy Manager Will Not Provide their Mandatory Privacy Act Response ............... 21

B7. Chelmowski Meets All Requirements for Privacy Act Judicial Relief ............................. 22

C1. Chelmowski's September 21, 2023 First-Party FOIA and Privacy Act Request ............. 22

C2. FCC Provided No FOIA Response and No Responsive Records ..................................... 23

C3. Chelmowski Constructive Exhausted All Administrative Remedies When the FCC Provided No FOIA Response in over 20 Working Days ......................................................... 24

C4. September 21, 2023 Request Processed Under Privacy Ac ............................................... 24

FCC Privacy Manager Will Not Provide their Mandatory Privacy Act Response ............... 24

C5. Another FCC's Blatant Disregard of Chelmowski's Rights .............................................. 24

C6. Chelmowski Meets All Requirements for Privacy Act Judicial Relief ............................. 24

D. FCC Illegal Concealment and Denying Chelmowski's Rights to the Facts and Documents in Processing His Requests Filed Before October 9, 2020 ...................................................... 25

FCC Partial Grant and Partial Denial Responses for Facts and Documents for Requests & Appeals Filed After October 9, 2020 .................................................................................... 25

FCC Full Denial Responses for Facts and Documents for Requests & Appeals Filed Before October 9, 2020 ...................................................................................................................... 27

E. Heads of the FCC Knowledge of FCC Concealment of FCC's Fraud ................................ 29

Summary ................................................................................................................................... 30

FCC Believes Its Right to Pick and Chooses What Portions of Statute to Disregard and Which to Comply With ....................................................................................................................... 30

FCC's Corruption, Fraud, Extortion, Malfeasance, & Nefarious Acts Are Not Exempt Under FOIA and Privacy Act ........................................................................................................... 30

V CAUSES OF ACTION ......................................................................................................... 31

PRAYER FOR RELIEF ........................................................................................................... 35

# I.    <u>INTRODUCTION</u>

1.      This is an action against the Federal Communication Commission ("FCC") for violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act ("PA"), 5 U.S.C. § 552a *as amended*. Under the judicial review provisions, the FOIA. PA and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, pro se Plaintiff James Chelmowski ("Plaintiff" or "Chelmowski") seeks relief regarding for three First-Party FOIA and Privacy Act requests. **The three (3) first-party requests filed in this lawsuit were filed on April 12, 2023, August 30, 2023, and September 21, 2023**. These requests were for all the FCC's records on the FCC processing Chelmowski's prior FOIA and Privacy Act requests and appeals filed in 2015 to 2018.

2.      The FCC between October 26, 2022 and August 30, 2023 provided partial grant and partial denials for similar for all the FCC's records on the FCC processing Chelmowski's prior FOIA and Privacy Act requests and appeals filed in 2020 and 2021. These communications were located by the FCC's Office of the Managing Director and the Office of General Counsel.

3.      Now only weeks later, beginning on September 29, 2023, the FCC provided FULL DENIAL responses for all the FCC's records on the FCC processing Chelmowski's FOIA and Privacy Act requests and appeals filed in 2015 and 2018.

4.      Now, the FCC refused to even conduct any search by the FCC's Office of the Managing Director and the Office of General Counsel for FCC's records on the FCC processing Chelmowski's FOIA and Privacy Act requests and appeals filed in 2015 and 2018.

5.      The FCC's Office of the Managing Director and the Office of General Counsel will only conduct searches for the FCC processing Chelmowski's FOIA and Privacy Act requests and appeals filed in 2020 and 2021.

## Any Person's Legal Rights to the FCC Federal Records Enforceable in Court

6. FOIA states that any person has a right – enforceable in Court – of access to federal agencies' records, except to the extent that such records (or portions thereof) are protected from disclosure by one of the nine exemptions and three exclusions. See FOIA law 5 U.S.C. § 552.

7. Right to Access his FCC records pursuant to the Privacy Act, 5 U.S.C. § 552a(d)Access to Records. - Each agency that maintains a system of records shall - (1) upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system. These rights to their own records are enforceable by the District Court.

8. "Both FOIA and the Privacy Act evidence Congressional concern with open government, and especially, accessibility of government records. Each seeks in different ways to respond to the potential excesses of government." *Greentree v. U.S. Customs Service*, 674 F.2d 74, 76 (D.C. Cir. 1982).

## Heads of the FCC's Knowledge of the Fraud Within the FCC

9. On December 3, 2018, the FCC released the current FCC Chairwoman Jessica Rosenworcel statements regarding her knowledge of FCC fraud by stating in the FCC FOIA Appeal decision in FCC Official Order FCC 18-156[1] her Statement of Commissioner Jessica Rosenworcel, stated the following with emphasis added.

- **"What is the Federal Communications Commission hiding**?"
- "Something here is rotten—and **it's time for the FCC to come clean**."
- "It is hiding what it **knows about the fraud in our record**, and it is **preventing an honest account of its many problems from seeing the light of day.**"

10. FCC former Chairman Ajit Pai, in the Statement of Chairman Ajit Pai in this official order FCC 18-156, stated the following with emphasis added.

"I argued that this was basic good government—**that an agency that regulates one-**

---

[1] See FCC FOIA Appeal and Application for Review Decision FCC 18-156 online at
https://docs.fcc.gov/public/attachments/FCC-18-156A1.pdf

**sixth of the economy should be transparent** and "show its work" in advance to the American people."

11.     The Heads of the FCC in 2019 stated the FCC must be transparent even if the facts in the FCC prove the FCC's Fraud and "**it's time for the FCC to come clean".**

12.     It's undisputed by FCC's current Chairwoman Jessica Rosenworcel, and past Chairman Ajit Pai that the FCC's fraud must come clean to the people and comply with the FCC's obligation to transparency. This would include providing Chelmowski's rights to all the FCC documents and communications regarding Chelmowski.

13.     The US Supreme Court states Congress enacted FOIA in order "to pierce the veil of administrative secrecy and open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose,* 425 U.S. 352, 361, 96 S. Ct. 1592, 48 L.Ed.2d 11 (1976) (citation omitted). "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *John Doe Agency v. John Doe Corp*., 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989) (citation omitted).

## II.     <u>JURISDICTION AND VENUE</u>

14.     This Court has jurisdiction pursuant to 5 U.S.C. §552a(g)(3)(A) (Privacy Act), 5 U.S.C. § 552(a)(4)(B) (FOIA), 28 U.S.C. §§ 1331 (federal question), 1346 (United States as defendant), 2201 (declaratory judgment), and 2202 (further relief).

15.     The venue is properly vested in this Court under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(3)(A), and under 28 U.S.C. § 1391(e) because the United States is a defendant and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III.     <u>PARTIES</u>

16.     Plaintiff JAMES CHELMOWSKI is a United States citizen who resides in Cook County in the state of Illinois.

17.     Defendant FEDERAL COMMUNICATION COMMISSION is an agency of the executive branch of the United States government subject to the FOIA, pursuant to 5 U.S.C. § 552(f); subject to the PA, pursuant to 5 U.S.C. § 552a; and subject to the judicial review provisions of the APA, 5 U.S.C. §§ 701– 702. FCC possesses or controls federal records requested and sought by Chelmowski.

## IV.   **STATUTORY BACKGROUND**

**FOIA**

18.     **W]ithin 20 working days (or 30 working days** in "unusual circumstances"), **an agency must process a FOIA request and make a "determination."** At that point, the agency may still need some additional time to physically redact, duplicate, or assemble for production the documents that it has already gathered and decided to produce. FOIA requires that the agency make the **records "promptly available," which depending on the circumstances typically would mean within days or a few weeks of a "determination," not months or years**. 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i). *CREW* 711 F.3d 180, 189 (2013). (emphasis added).

**Privacy Act**

19.     Pro Se Plaintiff's right to Access his FCC records pursuant to the Privacy Act, 5 U.S.C. § 552a(d)Access to Records. - Each agency that maintains a system of records shall - (1) upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system.

20.     This District Court may enjoin the agency from withholding the records and order the production of the complainant of any agency records improperly withheld from him. In such a case the Court shall determine the matter de novo, and may examine the contents of any

4

agency records in camera to determine whether the records or any portion thereof may be withheld under any of the exemptions set forth in subsection (k) of this section, and the burden is on the agency to sustain its action. See 5 U.S.C. § 552a(g)(3)(A).

21.     This District may assess against the United States reasonable attorney fees, damages, and other litigation costs reasonably incurred in any case under this paragraph in which the complainant has substantially prevailed. See 5 U.S.C. § 552a(g)(3)(B).

## V. STATEMENT OF FACTS

22.     The FCC denied Chelmowski's rights to all FCC' internal emails regarding himself from his 2015 to 2018 requests. These FCC denials of Chelmowski's rights included all FCC's internal emails regarding himself and relationship with the FCC from 2011 to 2018 which included processing his 2015 to 2017 FOIA requests, 2015 to 2017 FOIA appeals, 2017 Privacy Act request, his 2011 to 2015 FCC's Formal & Informal Complaints against AT&T et al., etc.

23.     These three (3) requests in this lawsuit are for the FCC's facts and communications in processing Chelmowski's 2015 to 2018 first-party requests and appeals.

24.     The FCC fully denied Chelmowski's requests in this lawsuit for the FCC's facts and communications in processing his 2015 to 2017 requests and appeals[2]. The Heads of the FCC could not even affirm on appeal these full denials. The FCC will not provide a FOIA response to his FCC's facts and communications in processing his 2018 requests and appeal[3].

25.     The FCC would not provide any FCC's internal emails regarding Chelmowski until after he began in 2019 paying in advance all FCC's fee estimate amounts. The FCC would only provide some carefully selected emails only after he began paying ALL the FCC's FOIA search fee estimate amounts in advance in 2019.

---

[2] Chelmowski's requests filed on April 12, 2023, and August 30, 2023, in this lawsuit.
[3] Chelmowski's requests filed on September 21, 2023, in this lawsuit.

26.     The FCC fully denied Chelmowski's rights to tens of thousands of FCC's internal emails with facts of the FCC's corruption, malfeasance, and nefarious actions against him and Courts.

27.     The FCC fully denied Chelmowski's rights to FCC's internal emails and communications with facts to support the FCC's District Court Declarations statements. The only reason the FCC denied Chelmowski's rights to the documents used in FCC's Declarations statement is because the FCC decided to use perjury and/or Fraud to Courts.

28.     The Heads of the FCC would not comply with their mandatory duties on providing any decision on Chelmowski's first-party FOIA appeals for records regarding himself filed in 2015 to 2023. The Heads of the FCC knew the searches were inadequate (or not conducted), illegally withheld records, and the FCC collected and demanded fees for email searches and other searches were illegal.

29.     "Both FOIA and the Privacy Act evidence Congressional concern with open government, and especially, accessibility of government records. Each seeks in different ways to respond to the potential excesses of government." *Greentree v. U.S. Customs Service*, 674 F.2d 74, 76 (D.C. Cir. 1982).

## A1. Chelmowski's First-Party FOIA and Privacy Act Request

30.     On April 12, 2023, Chelmowski filed a First Party FOIA and Privacy Act request[4] , and the FCC assigned the FOIA control number FCC 2022-000492 and Privacy Act control number FCC 2022-000496. See Exhibit 1 for the April 12, 2023 request, which included the following FCC federal records:

> This is a FOIA and Privacy Act Request for Records Pertaining to the requester James Chelmowski.

---

[4] See Exhibit 2 for Full FOIA and Privacy Act request.

This Request is for all communications, notes, FOIAonline logs, dates, assignments, date changes, entries, etc. for my FOIA and Privacy Act request FCC-2017-000511 dated March 27, 2017, and my FOIA Appeal FCC-2017-000633 dated May 16, 2017. The FCC processed this request under both FOIA and Privacy Act. The FCC provided the FOIA determination letter on or about April 18, 2017. The FCC provided the Privacy Act determination letter on or about July 6, 2017. The FCC provided the FOIA Appeal decision on August 3, 2017 in Brendan Carr's Delegated Authority Letter DA 17-731.

Provide everything in the FCC Privacy Act System of Records FCC/OMD-17 FOIA "Freedom of Information Act (FOIA) and Privacy Act Requests" for this request FCC-2017-000511 and appeal FCC-2017-000633. Provide everything in the FCC Privacy Act System of Records FCC/OMD-20 Inter-office and Remote Access Internet E-mail Systems.

31.     FCC Privacy Manager Leslie Smith identified searches by the FCC's system managers in these ten (10) systems of records for records regarding Chelmowski including FCC/OMD-17 FOIA "Freedom of Information Act (FOIA) and Privacy Act Requests" or FCC/OMD-20 "Inter-office and Remote Access Internet E-mail Systems" regarding Chelmowski. See Exhibit 8 for Leslie Smith's Declaration.

32.     Privacy Manager Leslie Smith statements under the penalty of perjury stated the FCC found no emails or records in FCC/OMD-17 FOIA "Freedom of Information Act (FOIA) and Privacy Act Requests" or FCC/OMD-20 "Inter-office and Remote Access Internet E-mail Systems" regarding Chelmowski. The FCC could not find a single record or communication regarding Chelmowski's 2015 & 2016 FOIA requests, 2015 & 2016 FOIA appeal, 2011 to 2015 FCC Formal & Informal Complaints against AT&T et al., etc. in these system of records searches. See Exhibit 8 for Leslie Smith's Declaration.

33.     The FCC will have documents and communications regarding these searches like the FCC produced for FCC's searches conducted after October 9, 2020 like the following February 18, 2021 email with the results of the FCC's email search located by the FCC's in a similar request for all documents and communications in processing Chelmowski's October 15,

7

2020 request and related FOIA appeal vs this request for the March 17, 2017 request and related FOIA appeal.

**From:** Aman Sharma (CTR) <Aman.Sharma.ctr@fcc.gov>
**Sent:** Thursday, February 18, 2021 8:13 AM
**To:** Arecio Dilone <Arecio.Dilone@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Matthew McKain <Matthew.McKain@fcc.gov>
**Cc:** Christopher Santini <Christopher.Santini@fcc.gov>
**Subject:** RE: IT's Help To Get Total Number of Responsive Emails, Not Download

Hello Arecio,

Below are the details of this search.

| Search keyword(s) | Mailboxes searched | Search period | Search results |
|---|---|---|---|
| Chelmowski OR Mr. C OR Mr C | • Ajit Pai (ajit.pai@fcc.gov)<br>• Thomas Johnson (thomas.johnson@fcc.gov)<br>• Brendan Carr (brendan.carr@fcc.gov)<br>• Andrea Kearney (andrea.kearney@fcc.gov)<br>• Scott Noveck (scott.noveck@fcc.gov)<br>• Stephanie Kost (stephanie.kost@fcc.gov)<br>• Leslie Smith (leslie.smith@fcc.gov)<br>• Ryan Yates (ryan.yates@fcc.gov)<br>• William Knowles-Kellett (William.Knowles-Kellett@fcc.gov)<br>• Vanessa Lamb (vanessa.lamb@fcc.gov)<br>• Elizabeth Lyle (elizabeth.lyle@fcc.gov) | No date range specified for the search | 14,053 items (about 10.9 GB in size)<br><br>**Status details**<br><br>Last run on Feb 17, 2021 4:47:17 PM<br><br>14,053 items (10.9 GB)<br>27,574 unindexed items, 51.17 GB |

Note that the 'unindexed items' shown in the screenshots above are those items that the search tool was not able to search their contents and therefore the tool included them in search results, because it is not sure whether they contain matching results or not for the search keyword(s) indicated. Examples for such unsearchable items include (but not limited to) voicemail attachments, pictures/images, scanned files, a file that is password-protected, a file that is encrypted with non-Microsoft encryption technology (if any), etc.

Thank you.

34.     Chelmowski has the right to all the FCC's communications in processing this 2017 request and appeal including but not limited to all communications on requests searches, search results, etc. The FCC produced those records for Chelmowski's requests filed after October 9, 2020, and the FCC must produce similar types of records for Chelmowski's requests filed before October 9, 2020 filing of FCC's Declarations by Andrea Kearney and Leslie Smith.

## A2. September 29, 2023 FOIA Response and Responsive Records

35.     On September 29, 2023, FCC Vanessa Lamb provided a "full denial" FOIA

Response letter with no responsive records for Chelmowski's April 12, 2023 request. See Exhibit

2 for Ms. Lamb's September 29, 2023 FOIA full denial response letter.

> This letter responds to your Freedom of Information Act (FOIA) request for **"all communications, notes, FOIAonline logs, dates, assignments, date changes, entries, etc. for my FOIA and Privacy Act request FCC-2017-000511 dated March 27, 2017, and my FOIA Appeal FCC-2017-000633 dated May 16, 2017**." Your request has been assigned FOIA Control No.  2023-000492.

> Commission staff determined portions of your request fall under the FOIA and Privacy Act (PA). We have assigned FCC-2023-000492 to the FOIA Office. After reviewing the FOIA portion of your request, we have determined FCC-2023-000492 to be wholly included in FOIA requests that are currently being processed, FCC-2021-000214 and FCC-2022-000445. As such, **we have determined FCC-2023-000492 to be a duplicate request and will close it accordingly**.

## A3. Chelmowski's September 29, 2023 FOIA Appeal/AFR

36.     On September 29, 2023, Chelmowski exercised his right to file his FOIA Appeal

and Application for Review ("FOIA Appeal/AFR") for the Full Denial FOIA decision. The

FOIA Appeal/AFR with detailed reasons for the six (6) arguments. The FCC assigned this FOIA

Appeal control number FCC-2023-000894.  See Exhibit 3 for Chelmowski's FOIA Appeal/AFR,

which included the following arguments.

### Argument #1 – This is an FCC Illegal Concealment Scheme of FCC's Facts of Processing Chelmowski's 2017 Request and FOIA Appeal

> The FCC's Office of the Managing Director and the Office of General Counsel searched for responsive records located records for three (3) previous requests for processing Chelmowski's first-party requests and FOIA appeals.

> These responsive records must also be searched FCC's Office of the Managing Director and the Office of General Counsel similar the three (3) previous requests for processing Chelmowski's first-party requests and FOIA appeals.

> This April 12, 2023 request is not for the FCC's emails containing the requester's last name as in FCC requests FCC-2021-000214 and FCC-2022-000445 which required the FCC's IT staff search, not the FCC's OGC and OMD search with similar requests.

See the FCC's FOIA partial granted responses dated August 30, 2023, February 13, 2023, and October 26, 2022, filed as attached to this FOIA Appeal and Application for Review to the fully denied September 29, 2023 response.

**A) FCC Vanessa Lamb Fully Denied Communications and Facts on Processing Chelmowski's 3/27/2017 Request & 5/16/2017 Appeal as Duplicate Request**

On September 29, 2023, FCC Vanessa Lamb fully denied Chelmowski's rights to facts and documents of the FCC processing his requests filed on March 27, 2017, and May 16, 2017, stating the following.

> This letter responds to your Freedom of Information Act (FOIA) request for "all communications, notes, FOIAonline logs, dates, assignments, date changes, entries, etc. for my FOIA and Privacy Act request FCC-2017-000511 dated March 27, 2017, and my FOIA Appeal FCC-2017-000633 dated May 16, 2017." Your request has been assigned FOIA Control No. 2023-000492.

> Commission staff determined portions of your request fall under the FOIA and Privacy Act (PA). We have assigned FCC-2023-000492 to the FOIA Office. After reviewing the FOIA portion of your request, we have determined FCC-2023-000492 to be wholly included in FOIA requests that are currently being processed, FCC-2021-000214 and FCC-2022-000445. As such, we have determined FCC-2023-000492 to be a duplicate request and will close it accordingly. Alternatively, given the breadth of the requests, we invite you to modify or narrow the scope of FCC-2021-000214 and FCC-2022-000445. To do so, please contact Stephanie Kost via email at stephanie.kost@fcc.gov.

**B) FCC Vanessa Lamb Partial Grant Communications and Facts on Processing Chelmowski's 3/23/2021 Request & 7/19/2021 Appeal**

On August 30, 2023, FCC Vanessa Lamb partially granted Chelmowski's rights to facts and documents of the FCC processing his requests filed on March 23, 2021, and July 19, 2021, stating the following.

> This letter responds to your Freedom of Information Act (FOIA) request for "all communications, notes, FOIAonline logs, dates, assignments, date changes, entries, FOIA Public Liaison requests, etc. for my FOIA and Privacy Act request FCC-2021-000341 dated March 23, 2021, FOIA, and my FOIA Appeal FCC-2021-000570 dated July 19, 2021. The FCC assigned Privacy Act control number FCC-2021-000342 for processing this Request under the Privacy Act."1 Your request has been assigned FOIA Control No. 2023-000599.

> In response to your request, the Office of the Managing Director and the Office of General Counsel searched for responsive records. We produce to you 284 pages of

10

responsive records. We withhold in full 200 pages of responsive records, and redact some material on the pages produced, due to the reasons discussed below.

### C) FCC Jeffrey Steinberg Partial Grant Communications and Facts on Processing Chelmowski's 10/15/2020 Request & 1/14/2021 Appeal

On February 13, 2023, FCC Jeffrey Steinberg partially granted Chelmowski's rights to facts and documents of the FCC processing his requests filed on October 15, 2020, and January 14, 2021, stating the following.

This letter responds to your Freedom of Information Act (FOIA) request FOIA Control No. 2022-000706. FOIA Control No. 2022-000706 seeks records related to FOIA Control No. 2021-000026, a related Privacy Act request,2 and a related FOIA appeal.

In response to your request, the Office of the Managing Director (OMD) and the Office of General Counsel (OGC) conducted a search for responsive records. The searches undertaken located 278 pages of responsive records, 243 of which are being produced with this response, and 35 of which are being withheld for the reasons discussed below. In addition, some of the responsive records involve communications with staff of the National Archives and Records Administration (NARA). We consulted with NARA as to disclosure of these records. Some of the pages produced herewith contain redactions for the reasons discussed below.

### D) FCC Jeffrey Steinberg Partial Grant Communications and Facts on Processing Chelmowski's 1/26/2021 Request & 3/17/2021 Appeal

On October 26, 2022, FCC Jeffrey Steinberg partially granted Chelmowski's rights to facts and documents of the FCC processing his requests filed on January 26, 2021, and March 17, 2021, stating the following.

This letter responds to your Freedom of Information Act (FOIA) request FOIA Control No. 2022-000641. FOIA Control No. 2022-000641 seeks all records related to FOIA Control No. 2021-000214, a related Privacy Act request, and a related FOIA appeal. FOIA 2021-000214 in turn seeks communications held by several current and former FCC staff pertaining to you.

In response to your request, the Office of the Managing Director (OMD) and the Office of General Counsel (OGC) conducted a search for records, locating 71 responsive emails or email chains, which we produce with this response. Some of the pages produce herewith contain redactions for the reasons discussed below. The instant production does not include material attached to emails you sent to the Commission or records that have already been provided to you through prior FOIA responses or decisions.

Chelmowski's April 12, 2023 request was not for FCC's emails containing his last name with specific email accounts to search as in the FCC requests FCC-2021-000214 and FCC-2022-000445.

11

**<u>Argument #2 – This FOIA and Privacy Act is Not a Duplicate Request</u>**

The Department of Justice ("DOJ") provides requirements to deny a request as a duplicate request. This is not a duplicate request by DOJ or any other's definition.

**Duplicate Request Definition with Examples**
The request was closed because it was a duplicate of another request received by the agency. Only requests from the same requester seeking the same information can be closed as duplicates.

Example 1: Requester A sends a request both by e-mail and U.S. mail. As a result, the agency inadvertently opens two request numbers and sends out two acknowledgment letters before realizing that it has received the same request from the same requester, just by separate means. The request received last should be closed as a duplicate request.

Example 2: Requester A makes a request for records that an agency denies in full pursuant to Exemption 6. Requester B makes a request for the same records to the same agency, and the agency again denies the request in full pursuant to Exemption 6. These are not duplicate requests for purposes of the Annual FOIA Report because the requester is different. Both requests should be counted and categorized as Full Denials Based on Exemptions.

**<u>Argument #3 – FCC Never Provided These Responsive Documents in Any Other Request</u>**

The FCC never provided all these responsive records from any other of my requests.
The FCC must provided Chelmowski all responsive records that I should have received by September 29, 2023, with the FCC's mandatory FOIA Appeal/AFR decision by FCC Chairwoman Rosenworcel and Commissioners Carr, Starcks, and Simington no later October 30, 2023.

**<u>Argument #4 – The FCC Cannot Deny Chelmowski's Rights Even if these records provide facts of FCC malfeasant and/or Fraudulent Acts.</u>**

The FCC cannot deny my rights even if the responsive records provide facts of FCC malfeasant and/or Fraudulent Acts.

The FCC who regulates one-sixth the economy is required to the transparent under the FOIA law.

**"I argued that this was basic good government—that an agency that regulates one-sixth of the economy should be transparent and 'show its work'",** stated as fact by FCC former Chairman Ajit Pai in the FCC Order 18-156.

**"What is the Federal Communications Commission hiding? … <span style="color:red">Something here is rotten—and it's time for the FCC to come clean…. It is hiding what it knows about the fraud in our record and it is preventing an honest account of its many problems from seeing the light of day</span>."** stated as fact by FCC current Chairwoman Jessica Rosenworcel in the FCC Order 18-156.

12

**Argument #5 – The FCC Cannot Delete or Destroy Any of the Responsive Records Even if these records provide facts of FCC malfeasant and/or Fraudulent Acts.**

The FCC must preserve all responsive records that existed on the day of this September 29, 2023 request. The FCC cannot delete or destroy any of the responsive records.

The FCC must preserve my rights to all the FCC's FOIAonline records even though on October 1, 2023, the EPA is decommissioning FOIAonline, and the Public will no longer have access.

**Argument #6 – The FCC Cannot Use This FOIA Appeal/AFR Process to Illegal FOIA Denial to Delay Chelmowski's Rights to the Responsive Records That Were Required to Produced on May 10, 2023**

The FCC must provide my right to all responsive records immediately and no later than October 30, 2023, with all the records in FCC's FOIAonline for my 2015 and 2016 requests and appeals.

The FCC cannot use this full denial of all responsive records to hurt my rights in active litigation Chelmowski v FCC DDC 23cv3200.

## A5. The FCC Would Not Provide Any FOIA Appeal/AFR Decision

37.     The Heads of the FCC never provided any decision on Chelmowski's September 29, 2023 FOIA Appeal/AFR. Thise FOIA Appeal decision was due on or about October 30, 2023.

## A6. Chelmowski Meet All Requirements for FOIA Judicial Relief

**FCC Policies and Procedures on Judicial Review**

38.     The FCC provided Chelmowski, through a FOIA request, all the FCC's FOIA policies and procedures, including the requester's right to construction, exhausting administrative remedies if the FCC fails to comply with FOIA request or appeal deadlines. The requesting party may immediately seek judicial review ("*FCC Policies On Constructive Exhaustion for Right to Judicial Relief*"). The FCC's FOIA policy and procedures on page 19 include the following with emphasis added.

13

Courts and Outside Review:

(1) **A party may appeal the Commission's decision to withhold records to the appropriate United States District Court** pursuant to the jurisdictional provisions of 5 U.S.C. § 552(a)(4)(B).

(2) **If the statutory deadline** for acting upon an initial FOIA request or an appeal is **not met by the Commission, the requesting party may immediately seek judicial relief.** Therefore, all efforts should be made to meet the FOIA's statutory deadlines or obtain consent by the requester to an extension of time

(3) Decisions to disclose records may also be appealed under provisions of the Administrative Procedure Act or the Privacy Act.

(4) FOIA requesters may also take advantage of mediation services offered by the Office of Government Information Services as a non-exclusive alternative to litigation.

39.     The FCC had over 20 working days to review the FCC's FOIA actions.

Exhausting administrative remedies allow "**the agency [the] opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision** ... [and] **the top managers of an agency to correct mistakes made at lower levels.**" *Id.* "[J]udicial review of [unexhausted] claims is precluded[.]" *Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 67 (D.C.Cir.1990). Emphasis added).

## A7. July 29, 2022 Request Processed under Privacy Act

**FCC Refused to Comply with the FCC's Privacy Act Policies and Procedure**

40.     The FCC Privacy Manager would not provide the mandatory Privacy Act response and Chelmowski's rights to the Privacy Act responsive records in the Privacy Act System of Records regarding the FCC processing Chelmowski's March 27, 2017 request, and his May 16, 2017 FOIA Appeal.

41.     FCC Privacy Act response requirements are in the FCC Privacy Act policies and procedures. See FCC Privacy Act policies and procedures Chapter 4, which is online at https://www.fcc.gov/sites/default/files/fcc-directive-1113.1.pdf, which states the following with emphasis added, "(G) **The Privacy Manager will send a second letter or e-mail to inform the individual of the results of the search.**"

14

42. All FCC's Privacy Act responses from April 18, 2017, to January 6, 2021, were letters from the FCC's Privacy Manager as required by the FCC's Privacy Act policies and procedures. The FCC's Privacy Manager never provided any Privacy Act response after January 6, 2021. See Exhibit 8 for the last Privacy Manager's Privacy Act response.

43. Privacy Manage Leslie Smith's Privacy Act January 6, 2021 response stated the FCC requirements for first-party requests to be processed under both the FOIA and Privacy Act. He stated, "Because your request sought information, in part, about yourself, we considered that portion of your request to be a records access request under the *Privacy Act of 1974*, 5 U.S.C. § 552a(d)(1)."

## A8. FCC's Blatant Disregard of Chelmowski's Rights

44. On May 18, 2022, FCC Lori Alexiou sent Chelmowski an email with an attached letter claiming to be the FCC's Privacy Act response with no responsive records only a Microsoft Excel worksheet she created that was NOT located by the FCC's System Manager in the Privacy Act System of Records. See Exhibit 9 for FCC Lori Alexiou's letter without any title vs a legal Privacy Act response by FCC Privacy Manager Leslie Smith on January 6, 2021 with his title as Privacy Manager in Exhibit 9.

45. **Lori Alexiou was not the FCC's Privacy Manager. She provided no Privacy Act responsive records** in the FCC's System of Records FCC/OMD-17 "Freedom of Information Act (FOIA) and Privacy Act Requests" or FCC/OMD-20 "Inter-office and Remote Access Internet E-mail Systems" for this request FCC-2017-000511 and appeal FCC-2017-000633.

## A9. Chelmowski Meet All Requirements for Privacy Act Judicial Relief

46. FCC Privacy regulations 47 CFR 0.555 state "(e) In the event that a determination is made denying an individual access to records pertaining to that individual for any reason, such individual may either:

15

(1) Seek administrative review of the adverse determination. Such a request shall be in writing and should be addressed to the system manager who made the initial decision. In addition, the request for review shall state specifically why the initial decision should be reversed.

(2) Seek judicial relief in the district courts of the United States pursuant to paragraph (g)(1)(B) of the Act.

47. Chelmowski exercises his right to "**Seek judicial relief in the district courts of the United States** pursuant to paragraph (g)(1)(B) of the Act" and FCC regulations 47 CFR § 0.555(e).

48. There is no statutory requirement of exhaustion related to a request for access to records. *See* 5 U.S.C. § 552a(d). To the extent exhaustion of administrative remedies is required, it is not a jurisdictional prerequisite. *See* \*863 *Taylor v. United States Treasury Dep't,* 127 F.3d 470, 475–76 (5th Cir.1997). *Wadhwa v. Dep't of Veterans Affs.*, 342 F. App'x 860, 862–63 (3d Cir. 2009).

## B1. Chelmowski's August 30, 2023 First-Party FOIA and Privacy Act Request

49. On August 30, 2023, Chelmowski filed a First Party FOIA and Privacy Act request, and the FCC assigned the FOIA control number FCC 2023-000792 and control number FCC-2022-000794 for processing this request under the Privacy Act. See Exhibit 4, which includes the following.

This is a FOIA and Privacy Act Request for Records Pertaining to the requester James Chelmowski.

This Request is for everything regarding all my FOIA requests and appeals filed in 2015 and 2016. The requested records include all communications, all FOIA Appeal and Application for Review decisions, commissioners' votes, everything regarding these FOIA Appeals and Application for Review, communications for all the FCC search requests, all search results, all FOIAonline logs, dates, assignments, date changes, entries,

16

all records in FOIAonline, all the communications related to the request and everything related to the FCC Commission decision to "Affirm on Appeal" for my 2016 FOIA Appeals and Application for reviews, FCC Commission decision to "Request Withdraw" for my 2015 FOIA Appeal and Application for reviews, etc.

The search must include searching the FCC Privacy Act System of Records FCC/OMD-20 "Inter-office and Remote Access Internet E-mail System", FCC/OMD-17 "Freedom of Information Act (FOIA) and Privacy Act Requests", FCC "K" drive, Box files, FOIAonline, all OMD records, all OGC records, etc.

The FCC must include all communications in processing these requests, appeals, and applications for reviews including but not limited to the FOIA Appeal and Application for Review decisions, Commissioners' votes, Application for Review communications, all FCC searches, all search results, all FCC actions, etc.

The First-Party FOIA requests control numbers include FCC-2015-000768 and FCC-2015-000769 dated 9/11/2015; FCC-2016-000345 dated 2/10/2016, and FCC-2016-000665 dated 6/2/2016.

The related FOIA Appeals for these requests control numbers include FCC-2015-000889 dated 9/30/2015 closed 5/23/2016 with final disposition "Request Withdraw" in FOIAonline by Ryan Yates; FCC-2016-000487 dated 3/18/2016 closed 2/11/2019 with final disposition "Affirmed on Appeal" in FOIAonline by Joanne Wall; and my FOIA Appeal FCC-2016-000712 dated 6/23/2016, closed 2/11/2019 with final disposition "Affirmed on Appeal" in FOIAonline by Joanne Wall. The FCC must provide all supporting documentation and communications regarding the Commission's FOIA Appeal and Application for Review including supporting documentation of compliance with 47 CFR 0.461(m).

FCC's 2017 and 2018 FOIA Annual Reports had the FOIA Appeals FCC-2016-000487 dated 3/18/2016 and FOIA Appeal FCC-2016-000712 dated 6/23/2016 included these 2 FOIA Appeals in the 10 oldest pending FOIA Appeals.

## B2. September 19, 2023 FOIA Response and Responsive Records

50.     The FCC refused to search as requested on August 30, 2023, "The search must

include searching the FCC Privacy Act System of Records FCC/OMD-20 "Inter-office and

Remote Access Internet E-mail System", FCC/OMD-17 "Freedom of Information Act (FOIA)

and Privacy Act Requests", FCC "K" drive, Box files, FOIAonline, all OMD records, all OGC

records, etc."

51.     On September 19, 2023, FCC Vanessa Lamb provided a signed FOIA FULL

DENIAL Response Letter. See Exhibit 5 for the letter, which includes the following with

emphasis added:

> This letter responds to your Freedom of Information Act (FOIA) request, submitted on
> August 30, and seeking, in relevant part, "everything regarding all my FOIA requests and
> appeals filed in 2015 and 2016. Your request has been assigned FOIA Control No. 2023-
> 000792.

> Commission staff determined portions of your request fall under the FOIA and Privacy
> Act (PA). We have  assigned FCC-2023-000792 to the FOIA Office and FCC-2023-
> 000794 to the PA component. After reviewing the FOIA portion of your request, we have
> determined FCC-2023-000792 to be wholly included in FOIA requests that are currently
> being processed, FCC-2021-000214 and FCC-2022-000445. As such, we have
> determined FCC-2023-000792 to be a duplicate request and will close it accordingly.

## B3. Chelmowski's September 21, 2023 FOIA Appeal/AFR

52.     On September 21, 2023, Chelmowski filed his FOIA Appeal/AFR for the FCC's

Full Denial FOIA decision. The FCC assigned this FOIA Appeal/AFR control number FCC-

2023-00874 to process this FOIA Appeal/AFR. See Exhibit 6 for the FOIA Appeal/AFR, which

included the following five (5) arguments.

### Argument #1 – This FOIA and Privacy Act is Not a Duplicate Request

> The Department of Justice ("DOJ") provides requirements to deny a request as a
> duplicate request. This is not a duplicate request by DOJ or any other's definition.

> **Duplicate Request Definition with Examples**

> The request was closed because it was a duplicate of another request received by the
> agency. Only requests from the same requester seeking the same information can be
> closed as duplicates.

> Example 1: Requester A sends a request both by e-mail and U.S. mail. As a result, the
> agency inadvertently opens two request numbers and sends out two acknowledgment
> letters before realizing that it has received the same request from the same requester, just
> by separate means. The request received last should be closed as a duplicate request.

> Example 2: Requester A makes a request for records that an agency denies in full
> pursuant to Exemption 6. Requester B makes a request for the same records to the same
> agency, and the agency again denies the request in full pursuant to Exemption 6.

These are not duplicate requests for purposes of the Annual FOIA Report because the requester is different. Both requests should be counted and categorized as Full Denials Based on Exemptions.

## Argument #2 – FCC Never Provided These Responsive Documents in Any Other Request

The FCC never provided all these responsive records from any other of my requests.

The FCC must provided Chelmowski all responsive records that I should have received by September 29, 2023, with the FCC's mandatory FOIA Appeal/AFR decision by FCC Chairwoman Rosenworcel and Commissioners Carr, Starcks, and Simington no later October 20, 2023.

## Argument #3 – The FCC Cannot Deny Chelmowski's Rights Even if these records provide facts of FCC malfeasant and/or Fraudulent Acts.

The FCC cannot deny my rights even if the responsive records provide facts of FCC malfeasant and/or Fraudulent Acts.

The FCC who regulates one-sixth the economy is required to the transparent under the FOIA law.

**"I argued that this was basic good government—that an agency that regulates one-sixth of the economy should be transparent and 'show its work'",** stated as fact by FCC former Chairman Ajit Pai in the FCC Order 18-1561.

**"What is the Federal Communications Commission hiding? … Something here is rotten—and it's time for the FCC to come clean…. It is hiding what it knows about the fraud in our record and it is preventing an honest account of its many problems from seeing the light of day."** stated as fact by FCC current Chairwoman Jessica Rosenworcel in the FCC Order 18-1562.

Congress enacted FOIA in order "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose,* 425 US 352, 361, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976) (citation omitted). "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *John Doe Agency v. John Doe Corp*., 493 US 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989) (citation omitted). The statute thus provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules ... shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). Consistent with this mandate, federal courts have jurisdiction to order the production of records that an agency improperly withholds. See id. § 552(a)(4)(B); *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 US 749, 754–55, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). In making this determination, the court "[a]t all times ... must bear in mind that FOIA mandates a 'strong presumption in favor of disclosure.'"

*Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 32 (D.C. Cir. 2002) (quoting *Dep't of State v. Ray*, 502 US 164, 173, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991)). *Judicial Watch, Inc. v. United States Department of State,* 235 F.Supp.3d 310 (2017) (Judge James Boasberg)

**Argument #4 – The FCC Cannot Delete or Destroy Any of the Responsive Records Even if these records provide facts of FCC malfeasant and/or Fraudulent Acts.**

The FCC must preserve all responsive records that existed on the day of this August 30, 2023, request. The FCC cannot delete or destroy any of the responsive records.

The FCC must preserve my rights to all the FCC's FOIAonline records even though on October 1, 2023, the EPA is decommissioning FOIAonline, and the Public will no longer have access.

**Argument #5 – The FCC Cannot Use This FOIA Appeal/AFR Process to Illegal FOIA Denial to Delay Chelmowski's Rights to the Responsive Records That Were Required to Produce on September 29, 2023**

The FCC must provide my right to all responsive records immediately and no later than October 20, 2023, with all the records in FCC's FOIAonline for my 2015 and 2016 requests and appeal.

The FCC cannot use this full denial of all responsive records to hurt my rights in active litigation Chelmowski v FCC DDC 23cv3200.

## B4. The FCC Would Not Provide Any FOIA Appeal/AFR Decision

53.     The Heads of the FCC never provided any decision on Chelmowski's September 21, 2023 FOIA Appeal/AFR. Thise FOIA Appeal decision was due on or about October 20, 2023.

## B5. Chelmowski Constructive Exhausted All Administrative Remedies When the Heads of the FCC Decided Not to Provide a FOIA Appeal/AFR Decision in over 20 Working Days

54.     Chelmowski constructively exhausted all administrative remedies this request when the Heads of the FCC decided not to provide the Heads of the FCC's FOIA Appeal/AFR decision due on or about October 20, 2023. See the current snapshot of the FCC Appeal/AFR record in FOIAonline.

55.     The FCC provided Chelmowski, through a FOIA request, all the FCC's FOIA policies and procedures, including the requester's right to construction, exhausting administrative remedies if the FCC fails to comply with FOIA request or appeal deadlines. The requesting party may immediately seek judicial review ("*FCC Policies On Constructive Exhaustion for Right to Judicial Relief*"). The FCC's FOIA policy and procedures on page 19 include the following with emphasis added.

> Courts and Outside Review:
> (1) **A party may appeal the Commission's decision to withhold records to the appropriate United States District Court** pursuant to the jurisdictional provisions of 5 U.S.C. § 552(a)(4)(B).
> (2) **If the statutory deadline for acting upon an initial FOIA request or an appeal is not met by the Commission**, **the requesting party may immediately seek judicial relief.** Therefore, all efforts should be made to meet the FOIA's statutory deadlines or obtain consent by the requester to an extension of time
> (3) Decisions to disclose records may also be appealed under provisions of the Administrative Procedure Act or the Privacy Act.
> (4) FOIA requesters may also take advantage of mediation services offered by the Office of Government Information Services as a non-exclusive alternative to litigation.

56.     The FCC had over 20 working days to review the FCC's FOIA actions. Exhausting administrative remedies allow "**the agency [the] opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision** ... [and] **the top managers of an agency to correct mistakes made at lower levels.**" *Id.* "[J]udicial review of [unexhausted] claims is precluded[.]" *Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 67 (D.C.Cir.1990). Emphasis added).

## B6. August 30, 2023 Request Processed Under Privacy Act

### FCC Privacy Manager Will Not Provide their Mandatory Privacy Act Response

57.     Again, The FCC Privacy Manager would not provide the mandatory Privacy Act response and Chelmowski's rights to the Privacy Act responsive records in the Privacy Act System of Records regarding this August 30, 2023 request.

## B7. Chelmowski Meets All Requirements for Privacy Act Judicial Relief

58.     Chelmowski exercises his right to "**Seek judicial relief in the district courts of the United States** pursuant to paragraph (g)(1)(B) of the Act" and FCC regulations 47 CFR § 0.555(e).

59.     There is no statutory requirement of exhaustion related to a request for access to records. *See* 5 U.S.C. § 552a(d). To the extent exhaustion of administrative remedies is required, it is not a jurisdictional prerequisite. *See* \*863 *Taylor v. United States Treasury Dep't,* 127 F.3d 470, 475–76 (5th Cir.1997). *Wadhwa v. Dep't of Veterans Affs.*, 342 F. App'x 860, 862–63 (3d Cir. 2009).

## C1. Chelmowski's September 21, 2023 First-Party FOIA and Privacy Act Request

60.     On August 30, 2023, Chelmowski filed a First Party FOIA and Privacy Act request, and the FCC assigned the FOIA control number FCC 2023-000871 and control number FCC-2023-000874 for processing this request under the Privacy Act. See Exhibit 7, which included the following.

> This is a FOIA and Privacy Act Request for Records Pertaining to the requester James Chelmowski.
>
> This Request is for all documents and communications relates to my 2018 FOIA and Privacy Act requests February 16, 2018 # FCC-2018-000410 and February 21, 2018 # FCC-2018-000410, and the February 23, 2018 # FOIA Appeal FCC-2018-000428.
>
>> Note. Privacy Manager Leslie Smith used the same FOIA control number to process these requests under the Privacy Act.
>>
>> This must include documents related to the FCC Privacy Act searches in FCC Privacy Manager Leslie Smith's Declaration with search requests it must include but not be limited to all ten (10) system managers' search requests from Leslie Smith, and the ten (10) system managers' search results.
>>
>> Provide everything in the FCC Privacy Act System of Records FCC/OMD-20 FCC email system and FCC/OMD-17 FOIA "Freedom of Information Act (FOIA) and

22

Privacy Act Requests for my request which the FCC assigned control numbers for my FOIA and Privacy At request FCC-2018-000410, FCC-2018-000425, and my FOIA Appeal FCC-2018-000428.

**See the following from Leslie Smith's September 22, 2020 declaration**.

I identified the custodian responsible for maintaining each of the specified systems of records and directed each of those custodians to search the associated system of records for Mr. Chelmowski' s name and to report to me with the results of each search and any responsive records.

> The search included the following systems of records:
> • FCC/CGB-1: Informal Complaints, Inquiries, and Requests for Dispute Assistance
> • FCC/CGB-2: Comment Filing System (ECFS)
> • FCC/EB-5: Enforcement Bureau Activity Tracking System (EBATS)
> • FCC/OGC-3: Adjudication of Internal Complaints against Employees
> • FCC/OGC-5: Pending Civil Cases
> • FCC/OGC-6: Private or Civil Injury Claimants
> • FCC/OIG-3: Investigative Files
> • FCC/OMD-17: Freedom of Information Act (FOIA) and Privacy Act Requests
> • FCC/OMD-18: Telephone Call Details
> • FCC/OMD-20: Inter-office and Remote Access Internet E-mail Systems

61.     FCC Privacy Manager Leslie Smith identified searches by the FCC's system managers in these ten (10) systems of records for records regarding Chelmowski. His statements under the penalty of perjury stated the FCC found no emails regarding Chelmowski in his 2018 searches. Mr. Smith's response includes no emails or records for Chelmowski's 2015 to 2017 FOIA requests, 2015 to 2017 FOIA appeals, 2017 Privacy Act request, etc. See Exhibit 8 for Leslie Smith's 2020 Declaration.

## C2. FCC Provided No FOIA Response and No Responsive Records

62.     The FCC did not provide any FOIA response which was due on or before October 23, 2023. The FCC provided no FOIA response for this request or any extension request.

23

## C3. Chelmowski Constructive Exhausted All Administrative Remedies When the FCC Provided No FOIA Response in over 20 Working Days

63.     Chelmowski constructively exhausted all administrative remedies because the FCC did not provide a FOIA response or request for extension within the 20 working days deadline which was on or before October 23, 2023.

## C4. September 21, 2023 Request Processed Under Privacy Ac

### FCC Privacy Manager Will Not Provide their Mandatory Privacy Act Response

64.     Again, The FCC Privacy Manager would not provide the mandatory Privacy Act response and Chelmowski's rights to the Privacy Act responsive records in the Privacy Act System of Records regarding this August 30, 2023 request.

## C5. Another FCC's Blatant Disregard of Chelmowski's Rights

65.     On October 2, 2023, FCC Lori Alexiou sent Chelmowski an email with an attached letter claiming to be the FCC's Privacy Act response with no responsive records only a Microsoft Excel worksheet she created that was NOT located by the FCC's System Manager in the Privacy Act System of Records. See Exhibit 11 for FCC Lori Alexiou's letter without any title vs a legal Privacy Act response by FCC Privacy Manager Leslie Smith on January 6, 2021, with his title as Privacy Manager in Exhibit 9.

66.     **Lori Alexiou was not the FCC's Privacy Manager. She provided no Privacy Act responsive records** in the FCC's System of Records FCC/OMD-17 "Freedom of Information Act (FOIA) and Privacy Act Requests" or FCC/OMD-20 "Inter-office and Remote Access Internet E-mail Systems" for Chelmowski's 2018 FOIA & Privacy Act requests and appeals.

## C6. Chelmowski Meets All Requirements for Privacy Act Judicial Relief

67.     Chelmowski exercises his right to "**Seek judicial relief in the district courts of**

**the United States** pursuant to paragraph (g)(1)(B) of the Act" and FCC regulations 47 CFR §
0.555(e).

68.     There is no statutory requirement of exhaustion related to a request for access to
records. *See* 5 U.S.C. § 552a(d). To the extent exhaustion of administrative remedies is required,
it is not a jurisdictional prerequisite. *See* \*863 *Taylor v. United States Treasury Dep't,* 127 F.3d
470, 475–76 (5th Cir.1997). *Wadhwa v. Dep't of Veterans Affs.*, 342 F. App'x 860, 862–63 (3d
Cir. 2009).

## D. FCC Illegal Concealment and Denying Chelmowski's Rights to the Facts and Documents in Processing His Requests Filed Before October 9, 2020

### FCC Partial Grant and Partial Denial Responses for Facts and Documents for Requests & Appeals Filed After October 9, 2020

#### FCC FOIA Partial Grant Response For Documents Regarding Chelmowski's January 26, 2021 Request and Related FOIA Appeal

69.     On October 26, 2022, FCC Jeffrey Steinberg provide a partial grant and partial
denial for Chelmowski's August 1, 2022 request for the FCC's documents and communications
regarding Chelmowski's January 26, 2021 request and March 17, 2021 FOIA appeal. See Exhibit
12 for the FOIA response letter which includes the following.

> This letter responds to your Freedom of Information Act (FOIA) request FOIA Control No.
> 2022-000641. FOIA Control No. 2022-000641 seeks all records related to FOIA Control No.
> 2021-000214, a related Privacy Act request, and a related FOIA appeal.
>
> In response to your request, the Office of the Managing Director (OMD) and the Office of
> General Counsel (OGC) conducted a search for records, locating 71 responsive emails or
> email chains, which we produce with this response. Some of the pages produced herewith
> contain redactions for the reasons discussed below.

70.     The Office of the Managing Director (OMD) and the Office of General Counsel
(OGC) conducted a search for records for the records regarding the January 26, 2021 request and
March 17, 2021 FOIA appeal.

**FCC FOIA Partial Grant Response For Documents Regarding Chelmowski's October 15, 2020 Request and Related FOIA Appeal**

71.     On February 13, 2023, FCC Jeffrey Steinberg provide a partial grant and partial denial for Chelmowski's September 2, 2022 request for the FCC's documents and communications regarding Chelmowski's October 15, 2020 request and January 14, 2021 FOIA appeal. See Exhibit 13 for the FOIA response letter which includes the following.

> This letter responds to your Freedom of Information Act (FOIA) request FOIA Control No. 2022-000706. FOIA Control No. 2022-000706 seeks records related to FOIA Control No. 2021-000026, a related Privacy Act request,2 and a related FOIA appeal.

> In response to your request, the Office of the Managing Director (OMD) and the Office of General Counsel (OGC) conducted a search for responsive records. The searches undertaken located 278 pages of responsive records, 243 of which are being produced with this response, and 35 of which are being withheld for the reasons discussed below.

72.     The Office of the Managing Director (OMD) and the Office of General Counsel (OGC) conducted a search for records for the records regarding the January 26, 2021 request and March 17, 2021 FOIA appeal.

**FCC FOIA Partial Grant Response For Documents Regarding Chelmowski's March 23, 2021 Request and Related FOIA Appeal**

73.     On August 30, 2023, FCC Vanessa Lamb provide a partial grant and partial denial for Chelmowski's June 1, 2023 request for the FCC's documents and communications regarding Chelmowski's March 23, 2021 request and July 19, 2021 FOIA appeal. See Exhibit 14 for the FOIA response letter which includes the following.

> This letter responds to your Freedom of Information Act (FOIA) request for "all communications, notes, FOIAonline logs, dates, assignments, date changes, entries, FOIA Public Liaison requests, etc. for my FOIA and Privacy Act request FCC-2021-000341 dated March 23, 2021, FOIA, and my FOIA Appeal FCC-2021-000570 dated July 19, 2021.

> In response to your request, the Office of the Managing Director and the Office of General Counsel searched for responsive records. We produce to you 284 pages of responsive records. We withhold in full 200 pages of responsive records, and redact some material on the pages produced, due to the reasons discussed below.

74.     The Office of the Managing Director (OMD) and the Office of General Counsel

(OGC) conducted a search for records for the records regarding the March 23, 2021 request and July

19, 2021 FOIA appeal.

### FCC Full Denial Responses for Facts and Documents for Requests & Appeals Filed Before October 9, 2020

#### FCC FOIA Full Denial Response For Documents Regarding Chelmowski's March 27, 2017 Request and Related FOIA Appeal

75.     On August 30, 2023, FCC Vanessa Lamb provided a FULL DENIAL response

for Chelmowski's June 1, 2023 request for the FCC's documents and communications regarding

Chelmowski's March 23, 2021 request and July 19, 2021 FOIA appeal. See Exhibit 2 for the

FOIA response letter which includes the following.

> This letter responds to your Freedom of Information Act (FOIA) request for "all communications, notes, FOIAonline logs, dates, assignments, date changes, entries, etc. for my FOIA and Privacy Act request FCC-2017-000511 dated March 27, 2017, and my FOIA Appeal FCC-2017-000633 dated May 16, 2017."

> After reviewing the FOIA portion of your request, we have determined FCC-2023-000492 to be wholly included in FOIA requests that are currently being processed, FCC-2021-000214 and FCC-2022-000445. As such, we have determined FCC-2023-000492 to be a duplicate request and will close it accordingly.

76.     The Office of the Managing Director (OMD) and the Office of General Counsel

(OGC) would NOT conduct a search for records for the records regarding the March 27, 2017

request and May 16, 2017 FOIA appeal. The FCC will only conduct searches for records created

after October 9, 2020.

77.     The requests FCC-2021-000214 and FCC-2022-000445 were email searches

from various email accounts containing Chelmowski's last name. These requests were not

duplicate requests for the records regarding the March 27, 2017 request and May 16, 2017 FOIA

appeal.

78.     In fact, the FCC is still illegally concealing tens of thousands of emails from these two requests. The FCC stated the FCC will be making interim releases for these requests. However, the last FCC interim release of emails from either FCC-2021-000214 and FCC-2022-000445 was on December 12, 2022.

79.     Of course, the Heads of the FCC could not affirm on appeal that Chelmowski's request for the records regarding the March 27, 2017 request and May 16, 2017 FOIA appeal was not a duplicate request of FCC-2021-000214 and FCC-2022-000445 for only Chelmowski's email requests for emails containing his last name.

80.     This was an illegal concealment scheme to deny Chelmowski rights to the facts in all the records and communications regarding the FCC processing his March 27, 2017 request and May 16, 2017 FOIA appeal.

## FCC FOIA Full Denial Response For Documents Regarding Chelmowski's 2015 & 2016 Requests and Related FOIA Appeals

81.     On September 19, 2023, FCC Vanessa Lamb provided a FULL DENIAL response for Chelmowski's August 30, 2023 request for the FCC's documents and communications regarding Chelmowski's 2015 & 2016 requests and his 2015 & 2016 FOIA appeals. See Exhibit 5 for the FOIA response letter which includes the following.

> This letter responds to your Freedom of Information Act (FOIA) request, submitted on August 30, and seeking, in relevant part, "everything regarding al my FOIA requests and appeals filed in 2015 and 2016."

> After reviewing the FOIA portion of your request, we have determined FCC-2023-000792 to be wholly included in FOIA requests that are currently being processed, FCC-2021-000214 and FCC-2022-000445. As such, we have determined FCC-2023-000792 to be a duplicate request and will close it accordingly.

82.     The Office of the Managing Director (OMD) and the Office of General Counsel (OGC) would NOT conduct a search for records for the records regarding Chelmowski's 2015 &

2016 requests and FOIA appeals. The FCC will only conduct searches for records created after October 9, 2020.

83.     Of course, the Heads of the FCC could not affirm on appeal that Chelmowski's request for the records regarding Chelmowski's 2015 & 2016 requests and appeals were not a duplicate request of FCC-2021-000214 and FCC-2022-000445 for only Chelmowski's email requests for emails containing his last name.

84.     This was an illegal concealment scheme to deny Chelmowski rights to the facts in all the records and communications regarding the FCC processing his 2015 & 2016 requests and appeals.

## E. Heads of the FCC Knowledge of FCC Concealment of FCC's Fraud

85.     On December 3, 2018, the FCC released the current FCC Chairwoman Jessica Rosenworcel statements regarding her knowledge of FCC fraud by stating in the FCC FOIA Appeal decision in FCC Official Order FCC 18-156[5] her Statement of Commissioner Jessica Rosenworcel, stated the following with emphasis added.

- "What is the Federal Communications Commission hiding?"
- "Something here is rotten—and **it's time for the FCC to come clean**."
- "It is hiding what it **knows about the fraud in our record**, and it is **preventing an honest account of its many problems from seeing the light of day.**"

86.     In the Statement of Chairman Ajit Pai in this official order FCC 18-156, FCC former Chairman Ajit Pai stated the following with emphasis added.

"I argued that this was basic good government—**that an agency that regulates one-sixth of the economy should be transparent** and "show its work" in advance to the American people."

87.     Plaintiff's requests in this lawsuit should "show the FCC's work" regarding the

---

[5] See FCC FOIA Appeal and Application for Review Decision FCC 18-156 online at https://docs.fcc.gov/public/attachments/FCC-18-156A1.pdf

rights of individuals and whether the FCC complied with their mandatory duties in providing the individual his rights.

## Summary

### FCC Believes Its Right to Pick and Chooses What Portions of Statute to Disregard and Which to Comply With

88.    Chelmowski has the right to the facts and communications in the FCC processing his 2015 to 2018 requests and appeals.

89.    The FCC cannot pick and choose which FOIA and Privacy Act to conduct searches and provide the Requester's rights. The FCC cannot deny Chelmowski's rights to non-exempt records and communications with the facts on the FCC processing his requests and appeals filed before October 9, 2020.

90.    The FCC must search in the locations which contain the responsive records including in the System of Records FCC/OMD-20 "Inter-office and Remote Access Internet E-mail System", FCC/OMD-17 "Freedom of Information Act (FOIA) and Privacy Act Requests", FCC "K" drive, Box files, FOIAonline, all OMD records, all OGC records, etc.

91.    When the FCC could avoid providing facts of the FCC corruption and malfeasance, the FCC will search in locations of responsive records and provide partial grant and partial denial responses. However, continue to deny Chelmowski's rights to similar records with the facts on the FCC processing requests and appeals filed before October 9, 2020 by not conducting searches or withholding all responsive records.

### FCC's Corruption, Fraud, Extortion, Malfeasance, & Nefarious Acts Are Not Exempt Under FOIA and Privacy Act

92.    The FCC must produce all non-exempt responsive records and identify each withholding with details on the reasons for any FOIA and Privacy Act exemption.

93.     The FOIA and Privacy Act exemption for withholding does not include exemptions for corruption, fraud, extortion, malfeasance, and nefarious actions by the Agency.

# V CAUSES OF ACTION

## CLAIM 1

VIOLATIONS OF THE FREEDOM OF INFORMATION ACT
IN RESPONDING TO CHELMOWSKI'S APRIL 12, 2023 FOIA/PA REQUEST:
CONCEALING ALL FOIA RESPONSIVE RECORDS

1.  Chelmowski hereby incorporates by reference the allegations in the preceding paragraphs.

2.  Chelmowski has a statutory right to have the FCC process its FOIA request in a manner that complies with the FOIA. The FCC violated Chelmowski's rights in this regard when FCC unlawfully concealed many of the responsive records in full or in part in its response to Chelmowski's April 12, 2023 FOIA/PA request.

3.  The Heads of the FCC willfully violated Chelmowski's right to these FOIA responsive records by not complying with their mandatory duties of providing a FOIA Appeal/AFR decision.

4.  The FCC violated and is violating the FOIA by failing to make the records subject to Chelmowski's FOIA request promptly available to Chelmowski.

5.  Each and every allegation in this claim is a separate violation of the FOIA for which this Court can provide relief to Chelmowski under the FOIA.

6.  The FCC 's violations of the FOIA with respect to its response to Chelmowski's April 12, 2023 FOIA/PA request entitle Chelmowski to an award of reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## CLAIM 2

VIOLATIONS OF PRIVACY ACT IN RESPONDING TO
CHELMOWSKI'S APRIL 12, 2023 FOIA /PA REQUEST:
VIOLATION OF THE PRIVACY ACT ACCESS

1. Chelmowski hereby incorporates by reference the allegations in the preceding paragraphs.

2. Chelmowski has a statutory right to have the FCC records in the Privacy Act System of Records in a manner that complies with the PA law. FCC violated Chelmowski's rights in this regard when the FCC refused to provide the PA responsive records and presumably failed to Search for the PA responsive records in the FCC Privacy Act System of Records.

3. Each and every allegation in this claim is a separate violation of the Privacy Act for which this Court can provide relief to Chelmowski under the Privacy Act.

4. The FCC 's violations of the Privacy Act with respect to its response to Chelmowski's April 12, 2023  FOIA/PA request entitles Chelmowski to an award of damages, reasonable attorneys' fees, and other litigation costs pursuant to 5 U.S.C. § 552a(g)(4)(B).

CLAIM 3

VIOLATIONS OF THE FREEDOM OF INFORMATION ACT
IN RESPONDING TO CHELMOWSKI'S AUGUST 30, 2023 FOIA/PA
REQUEST:

UNLAWFUL INADEQUATE SEARCH & UNLAWFUL WITHHOLDING

1. Chelmowski hereby incorporates by reference the allegations in the preceding paragraphs.

2. Chelmowski has a statutory right to have the FCC process its FOIA request in a manner that complies with the FOIA. The FCC violated Chelmowski's rights in this regard when FCC unlawfully concealed many of the responsive records in full or in part in its response to Chelmowski's August 30, 2023 FOIA/PA request.

3. The Heads of the FCC willfully violated and are violating Chelmowski's right to these FOIA responsive records by not complying with their mandatory duties of providing a FOIA Appeal/AFR decision.

4.   Each and every allegation in this claim is a separate violation of the FOIA for which this Court can provide relief to Chelmowski under the FOIA.

5.   The FCC 's violations of the FOIA with respect to its response to Chelmowski's August 30, 2023 FOIA/PA request entitle Chelmowski to an award of reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).


CLAIM 4

VIOLATIONS OF PRIVACY ACT IN RESPONDING TO
CHELMOWSKI'S AUGUST 30, 2023 FOIA /PA REQUEST:
VIOLATION OF THE PRIVACY ACT ACCESS


1.   Chelmowski hereby incorporates by reference the allegations in the preceding paragraphs.

2.   Chelmowski has a statutory right to have the FCC records in the Privacy Act System of Records in a manner that complies with the PA law. FCC violated Chelmowski's rights in this regard when the FCC refused to provide the PA responsive records and presumably failed to Search for the PA responsive records in the FCC Privacy Act System of Records.

3.   FCC Privacy Manager will not even provide the required Privacy Act response.

4.   Each and every allegation in this claim is a separate violation of the Privacy Act for which this Court can provide relief to Chelmowski under the Privacy Act.

5.   The FCC 's violations of the Privacy Act with respect to its response to Chelmowski's August 30, 2023 FOIA/PA request entitles Chelmowski to an award of damages, reasonable attorneys' fees, and other litigation costs pursuant to 5 U.S.C. § 552a(g)(4)(B).


CLAIM 5

VIOLATIONS OF THE FREEDOM OF INFORMATION ACT
IN RESPONDING TO CHELMOWSKI'S SEPTEMBER 21, 2023 FOIA/PA

33

REQUEST:

UNLAWFUL INADEQUATE SEARCH & UNLAWFUL WITHHOLDING

1.     Chelmowski hereby incorporates by reference the allegations in the preceding paragraphs.

2.     Chelmowski has a statutory right to have the FCC process its FOIA request in a manner that complies with the FOIA. The FCC violated Chelmowski's rights in this regard when FCC unlawfully concealed many of the responsive records in full or in part in its response to Chelmowski's September 21, 2023 FOIA/PA request.

3.     Each and every allegation in this claim is a separate violation of the FOIA for which this Court can provide relief to Chelmowski under the FOIA.

4.     The FCC 's violations of the FOIA with respect to its response to Chelmowski's September 21, 2023 FOIA/PA request entitle Chelmowski to an award of reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).


## CLAIM 6

VIOLATIONS OF PRIVACY ACT IN RESPONDING TO
CHELMOWSKI'S SEPTEMBER 21, 2023 FOIA /PA REQUEST:
VIOLATION OF THE PRIVACY ACT ACCESS

1.     Chelmowski hereby incorporates by reference the allegations in the preceding paragraphs.

2.     Chelmowski has a statutory right to have the FCC records in the Privacy Act System of Records in a manner that complies with the PA law. FCC violated Chelmowski's rights in this regard when the FCC refused to provide the PA responsive records and presumably failed to Search for the PA responsive records in the FCC Privacy Act System of Records.

3.     FCC Privacy Manager will not even provide the required Privacy Act response.

4.     Each and every allegation in this claim is a separate violation of the Privacy Act for which

this Court can provide relief to Chelmowski under the Privacy Act.

5.     The FCC 's violations of the Privacy Act with respect to its response to Chelmowski's
August 30, 2023 FOIA/PA request entitles Chelmowski to an award of damages, reasonable
attorneys' fees, and other litigation costs pursuant to 5 U.S.C. § 552a(g)(4)(B).

## PRAYER FOR RELIEF

WHEREFORE, James Chelmowski respectfully requests that the Court:

**The three (3) first-party requests filed in this lawsuit were filed on April 12, 2023, August
30, 2023, and September 21, 2023.**

A.     Adjudge and declare that FCC has violated the FOIA and Privacy Act for the
reasons set forth above;

B.     Order FCC to comply immediately with both the FOIA and Privacy Act by
providing Chelmowski with the required determinations, Vaughn Index, and all non-exempt
records subject to Chelmowski's **April 12, 2023, August 30, 2023, and September 21, 2023**
FOIA and Privacy Act requests.;

C.     Declare that Chelmowski is the prevailing party and/or substantially prevailing
party in this matter; that the position of the government in this action was not substantially
justified; and that there are no special circumstances that make an award of costs, damages, and
reasonable attorneys' fees to Chelmowski unjust;

D.     Award Chelmowski its damages, reasonable attorneys' fees, litigation costs,
damages, and other costs paid to this Court pursuant to 5 U.S.C. § 552(a)(4)(E), and/or  5 U.S.C.
§ 552a(g)(4)(B), and/or award Chelmowski its reasonable fees, expenses, costs, damages, and
disbursements, including attorneys' fees associated with this litigation, under the Equal Access to
Justice Act, 28 U.S.C. § 2412;

      E.        Grant James Chelmowski such additional relief as the Court may deem just and proper.

DATED this 2nd day of November 2023.


                Respectfully submitted,

                /s/ James Chelmowski

                James Chelmowski
                Pro Se Plaintiff

                705 W Central Rd
                Mt Prospect, IL 60056

# EXHIBIT 1

Chelmowski's April 12, 2023 First-Party FOIA
and Privacy Act Request

All Documents and Records Regarding FCC
Processing His March 27, 2017 Request and
May 16, 2017 FOIA Appeal

## April 12, 2023 FOIA & Privacy Act Request

<u>Date of Request</u>: April 12, 2023
<u>FOIA and Privacy Act Requester</u>: James Chelmowski
<u>FOIA Request Control Number</u>: FCC-2023-000492

**FOIA and Privacy Request is for the following:**

This is a FOIA and Privacy Act Request for Records Pertaining to the requester James Chelmowski.

This Request is for all communications, notes, FOIAonline logs, dates, assignments, date changes, entries, etc. for my FOIA and Privacy Act request FCC-2017-000511 dated March 27, 2017, and my FOIA Appeal FCC-2017-000633 dated May 16, 2017. The FCC processed this request under both FOIA and Privacy Act. The FCC provided the FOIA determination letter on or about April 18, 2017. The FCC provided the Privacy Act determination letter on or about July 6, 2017. The FCC provided the FOIA Appeal decision on August 3, 2017 in Brendan Carr's Delegated Authority Letter DA 17-731.

Provide everything in the FCC Privacy Act System of Records FCC/OMD-17 FOIA "Freedom of Information Act (FOIA) and Privacy Act Requests" for this request FCC-2017-000511 and appeal FCC-2017-000633.  Provide everything in the FCC Privacy Act System of Records FCC/OMD-20 Inter-office and Remote Access Internet E-mail Systems.

# EXHIBIT 2

## FCC's Full Denial of Chelmowski's April 12, 2023 First-Party FOIA and Privacy Act Request

## All Documents and Records Regarding FCC Processing His March 27, 2017 Request and May 16, 2017 FOIA Appeal



Federal Communications Commission
Washington, D.C. 20554

September 29, 2023

**VIA ELECTRONIC MAIL**

James Chelmowski
705 W Central Rd.
Mt Prospect, IL 60056
jchelmowski@comcast.net

Re:  FOIA Control No. 2023-000492

Mr. Chelmowski:

This letter responds to your Freedom of Information Act (FOIA) request for "all communications, notes, FOIAonline logs, dates, assignments, date changes, entries, etc. for my FOIA and Privacy Act request FCC-2017-000511 dated March 27, 2017, and my FOIA Appeal FCC-2017-000633 dated May 16, 2017."[1]  Your request has been assigned FOIA Control No. 2023-000492.

Commission staff determined portions of your request fall under the FOIA and Privacy Act (PA).  We have assigned FCC-2023-000492 to the FOIA Office.  After reviewing the FOIA portion of your request, we have determined FCC-2023-000492 to be wholly included in FOIA requests that are currently being processed, FCC-2021-000214 and FCC-2022-000445.  As such, we have determined FCC-2023-000492 to be a duplicate request and will close it accordingly.[2]  Alternatively, given the breadth of the requests, we invite you to modify or narrow the scope of FCC-2021-000214 and FCC-2022-000445.  To do so, please contact Stephanie Kost via email at stephanie.kost@fcc.gov.

If you consider this to be a denial of your FOIA request, you may seek review by filing an application for review with the Office of General Counsel.  An application for review must be *received* by the Commission within 90 calendar days of the date of this letter.[3]  You may file an application for review by mailing the application to Federal Communications Commission, Office of General Counsel, 45 L Street NE, Washington, DC 20554, or you may file your application for review electronically by e-mailing it to FOIA-Appeal@fcc.gov.  Please caption the envelope (or subject line, if via e-mail) and the application itself as "Review of Freedom of Information Action."

---

[1] FCC FOIA Control No. 2023-000492 (Submitted Apr. 12, 2023).
[2] The Privacy Act portion of your request was assigned Control No. 2023-000496.  The FCC located responsive Privacy Act records and provided you those records on April13, 2022.  Email from Lori Alexiou, Office of General Counsel, to James Chelmowski (Apr. 13, 2023 3:01 pm EDT).
[3] 47 CFR §§ 0.461(j), 1.115; 47 CFR § 1.7 (documents are considered filed with the Commission upon their receipt at the location designated by the Commission).

If you would like to discuss this response before filing an application for review to attempt to resolve your dispute without going through the appeals process, you may contact the Commission's FOIA Public Liaison for assistance at:

> FOIA Public Liaison
> Federal Communications Commission
> Office of the Managing Director
> Performance Evaluation and Records Management
> 45 L Street NE, Washington, DC 20554
> 202-418-0440
> FOIA-Public-Liaison@fcc.gov

If you are unable to resolve your FOIA dispute through the Commission's FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road–OGIS
> College Park, MD 20740-6001
> 202-741-5770
> 877-684-6448
> ogis@nara.gov
> https://www.archives.gov/ogis

Sincerely,

*Vanessa Lamb* sk

Vanessa Lamb
Associate Managing Director
Office of the Managing Director
Performance and Program Management

# EXHIBIT 3

Chelmowski's FOIA Appeal and Application of Review of the FCC's Full Denial of Chelmowski's April 12, 2023 First-Party FOIA and Privacy Act Request

All Documents and Records Regarding FCC Processing His March 27, 2017 Request and May 16, 2017 FOIA Appeal

September 29, 2023

Federal Communications Commission Office of General Counsel
445 12th St SW
Washington, DC 20554

## RE: Review of Freedom of Information Action for FCC control No. 2023-000492

*In the Matter of James Chelmowski On Request for Inspection of Records Control Number 2023-**000492***
***(FCC will furnish the FCC file number and this Commissioners Memorandum Opinion and Order on or before October 30, 2023, in its Required Determination)***

Dear Chairwoman Rosenworcel and Commissioners Carr, Starcks, and Simington:

I, James Chelmowski ("Requestor"), am writing for appeal and application for review to the Federal Communication Commission's ("FCC") response to the Freedom of Information Act ("FOIA") request FCC 2023-000492 dated through FOIAonline on April 12, 2023 ("FOIA Request") and September 29, 2023, FOIA signed response letter ("FOIA Determination"). This FOIA/PA Appeal is also pursuant to FCC regulations and policy an FOIA Application for Review for a full Commissioner vote with the names of the Chairman and Commissioner names involved with this FOIA/PA Appeal/Application for Review "Commissioners Memorandum Opinion and Order." due by October 30, 2023.

The Requester WILL NOT CONSENT to any informal resolution[2] for this Application for Review to the Full Commission/FOIA/PA Appeal. As the Commission knows, note to paragraphs (i) & (j) 47 CFR 0.461 requires the <u>Requester Consent</u> to informally resolve any Appeal/Application for Review ("Appeal/AFR") issues.

The FCC must provide a Commission Memorandum Opinion and Order addressing with legal authority of these four (4) arguments in this Application for Review and FOIA Appeal no later than October 30, 2023. Similar to my FOIA Appeal/AFR, the Commission finally complied with their mandatory duties on providing a Commission Memorandum Opinion and Order FCC 19-28 for the FOIA Appeal/AFR FCC-2019-086. See https://docs.fcc.gov/public/attachments/FCC-19-28A1_Rcd.pdf which included the following pursuant to FCC FOIA regulations 47 CFR 0.461(m) with the names of the Commissioners responsible for the FOIA Appeal/AFR decision:

**Federal Communications Commission** FCC 19-28

**Before the**
**Federal Communications Commission**
**Washington, D.C. 20554**

| | |
|---|---|
| In the Matter of | ) |
| | ) |
| James Chelmowski | )  FOIA Control No. 2019-086 |
| | ) |
| On Request for Inspection of Records | ) |

## MEMORANDUM OPINION AND ORDER

**Adopted: April 4, 2019**                    **Released: April 5, 2019**

By the Commission:

1.      By this Order, we deny an Application for Review by James Chelmowski[1] seeking review of the Office of General Counsel's (OGC) response to his Freedom of Information Act (FOIA) request.[2]  We conclude that OGC properly responded to the request.

2.      The FOIA and Commission regulations give the public the right to request that an agency produce records that are not routinely available for public inspection.[3]  Generally, the agency must conduct a search for the requested records and produce them unless the agency determines that one or more of the FOIA's nine statutory exemptions apply.[4]

3.      Mr. Chelmowski's FOIA request sought "all the FCC directives, procedures, policies and written instructions for the FOIA Application for Review process . . . from submission, reviewing, drafting documents, presentation to the Commission, Commission votes, FCC Commission voting on the Decision, sending communications to parties involved, etc."[5]  OGC staff searched for responsive records and responded that the search "located no records other than those that are publicly available or have already been provided to [Mr. Chelmowski] in prior FOIA requests."[6]  Prior records provided to Mr. Chelmowski included copies of the Commission's FOIA directive, FOIA guide, FOIA handbook, and FOIA regulations.[7]  OGC's response also explained that staff familiar with the Commission's FOIA procedures had confirmed that these were the only records that were responsive to Mr. Chelmowski's request.[8]

4.      Mr. Chelmowski appeals OGC's response by arguing that OGC did not conduct an adequate search for responsive records.  He contends that "the FCC did not conduct any search and only asked a few FCC staff members."[9]  This argument misconstrues OGC's response.  Staff conducted a search for responsive records, and in doing so found the same records that had been previously provided to Mr. Chelmowski.  As part of this search, relevant subject matter experts on OGC's staff confirmed that there were no other records that might be responsive.  Even if processing staff had merely discussed the issue with the relevant subject matter experts, such a search is acceptable under the FOIA.  Courts have repeatedly held that an agency need not conduct a physical search if staff familiar with the records in question can attest that there are no records responsive to the request.[10]

5.     Mr. Chelmowski also asserts that the search could not have been adequate because he believes there must exist some specific document that precisely governs how the Commission's FOIA appeal process operates, and that it is inconceivable that an adequate search did not reveal such a document.[11]  However, this ignores that Commission staff have already provided Mr. Chelmowski with hundreds of pages of records related to the Commission's handling of FOIA requests and appeals; the fact that an additional search of those records returned nothing new is unsurprising.  Furthermore, courts have consistently held that "a search is not inadequate simply because it failed to turn up a document that [a requester] believes must exist."[12]  For these reasons, we conclude that OGC's search for responsive records was adequate.

6.     Mr. Chelmowski also challenges OGC's decision to consolidate several of his requests for the purpose of calculating fees.[13]  We do not need to decide this issue.  The FOIA provides that requesters like Mr. Chelmowski may receive up to two hours of free search time on their requests.[14]  Even after Mr. Chelmowski's requests were consolidated, he did not exceed this two-hour threshold and he was not charged any fees for responding to this request.  Thus, his argument regarding the consolidation of his requests is moot.[15]

7.     ACCORDINGLY, IT IS ORDERED that the Application for Review filed by James Chelmowski IS DENIED.  Mr. Chelmowski may seek judicial review of this action pursuant to 5 U.S.C. § 552(a)(4)(B).

---

8.     The officials responsible for this action are the following:  Chairman Pai, and Commissioners Rosenworcel, O'Rielly, Carr, and Starks.[16]

FEDERAL COMMUNICATIONS COMMISSION

Marlene H. Dortch
Secretary

---

# I.  The FOIA/PA Request

The FOIA request was filed on April 12, 2023, which included the following

This is a FOIA and Privacy Act Request for Records Pertaining to the requester James Chelmowski.

 This Request is for all communications, notes, FOIAonline logs, dates, assignments, date changes, entries, etc. for my FOIA and Privacy Act request FCC-2017-000511 dated March 27, 2017, and my FOIA Appeal FCC-2017-000633 dated May 16, 2017. The FCC processed this request under both FOIA and Privacy Act. The FCC provided the FOIA determination letter on or about April 18, 2017. The FCC provided the Privacy Act determination letter on or about July 6, 2017. The FCC provided the FOIA Appeal decision on August 3, 2017 in Brendan Carr's Delegated Authority Letter DA 17-731.

Provide everything in the FCC Privacy Act System of Records FCC/OMD-17 FOIA "Freedom of Information Act (FOIA) and Privacy Act Requests" for this request FCC-2017-000511 and appeal FCC-2017-000633. Provide everything in the FCC Privacy Act System of Records FCC/OMD-20 Inter-office and Remote Access Internet E-mail Systems.

# II.     FCC September 19, 2023 FOIA Response Determination Letter

On September 29, 2023, FCC Vanessa Lamb, Associate Managing Director, Office of the Managing Director, Performance and Program Management provided a signed Full Denial FOIA Response Letter. The letter includes the following with emphasis added:

> This letter responds to your Freedom of Information Act (FOIA) request for "all communications, notes, FOIAonline logs, dates, assignments, date changes, entries, etc. for my FOIA and Privacy Act request FCC-2017-000511 dated March 27, 2017, and my FOIA Appeal FCC-2017-000633 dated May 16, 2017."1 Your request has been assigned FOIA Control No. 2023-000492.

> Commission staff determined portions of your request fall under the FOIA and Privacy Act (PA). We have assigned FCC-2023-000492 to the FOIA Office. After reviewing the FOIA portion of your request, we have determined FCC-2023-000492 to be wholly included in FOIA requests that are currently being processed, FCC-2021-000214 and FCC-2022-000445. As such, we have determined FCC-2023-000492 to be a duplicate request and will close it accordingly.2 Alternatively, given the breadth of the requests, we invite you to modify or narrow the scope of FCC-2021-000214 and FCC-2022-000445. To do so, please contact Stephanie Kost via email at stephanie.kost@fcc.gov.

# III.  Arguments

### Argument #1 – This is an FCC Illegal Concealment Scheme of FCC's Facts of Processing Chelmowski's 2017 Request and FOIA Appeal

The FCC's Office of the Managing Director and the Office of General Counsel searched for responsive records located records for three (3) previous requests for processing Chelmowski's first-party requests and FOIA appeals.

These responsive records must also be searched FCC's Office of the Managing Director and the Office of General Counsel simliar the three (3) previous requests for processing Chelmowski's first-party requests and FOIA appeals.

This April 12, 2023 request is not for the FCC's emails containing the requester's last name as in FCC requests FCC-2021-000214 and FCC-2022-000445 which required the FCC's IT staff search, not the FCC's OGC and OMD search with similar requests.

See the FCC's FOIA partial granted responses dated August 30, 2023, February 13, 2023, and October 26, 2022, filed as attached to this FOIA Appeal and Application for Review to the fully denied September 29, 2023 response.

### A)  FCC Vanessa Lamb Fully Denied Communications and Facts on Processing Chelmowski's 3/27/2017 Request & 5/16/2017 Appeal as Duplicate Request

On September 29, 2023, FCC Vanessa Lamb fully denied Chelmowski's rights to facts and documents of the FCC processing his requests filed on March 27, 2017, and May 16, 2017, stating the following.

> This letter responds to your Freedom of Information Act (FOIA) request for "all communications, notes, FOIAonline logs, dates, assignments, date changes, entries, etc. for my

FOIA and Privacy Act request FCC-2017-000511 dated March 27, 2017, and my FOIA Appeal FCC-2017-000633 dated May 16, 2017."[1] Your request has been assigned FOIA Control No. 2023-000492.

Commission staff determined portions of your request fall under the FOIA and Privacy Act (PA). We have assigned FCC-2023-000492 to the FOIA Office. After reviewing the FOIA portion of your request, we have determined FCC-2023-000492 to be wholly included in FOIA requests that are currently being processed, FCC-2021-000214 and FCC-2022-000445. As such, we have determined FCC-2023-000492 to be a duplicate request and will close it accordingly.[2] Alternatively, given the breadth of the requests, we invite you to modify or narrow the scope of FCC-2021-000214 and FCC-2022-000445. To do so, please contact Stephanie Kost via email at stephanie.kost@fcc.gov.

## B) FCC Vanessa Lamb Partial Grant Communications and Facts on Processing Chelmowski's 3/23/2021 Request & 7/19/2021 Appeal

On August 30, 2023, FCC Vanessa Lamb partially granted Chelmowski's rights to facts and documents of the FCC processing his requests filed on March 23, 2021, and July 19, 2021, stating the following.

This letter responds to your Freedom of Information Act (FOIA) request for "all communications, notes, FOIAonline logs, dates, assignments, date changes, entries, FOIA Public Liaison requests, etc. for my FOIA and Privacy Act request FCC-2021-000341 dated March 23, 2021, FOIA, and my FOIA Appeal FCC-2021-000570 dated July 19, 2021. The FCC assigned Privacy Act control number FCC-2021-000342 for processing this Request under the Privacy Act."[1] Your request has been assigned FOIA Control No. 2023-000599.

In response to your request, the Office of the Managing Director and the Office of General Counsel searched for responsive records. We produce to you 284 pages of responsive records. We withhold in full 200 pages of responsive records, and redact some material on the pages produced, due to the reasons discussed below.

## C) FCC Jeffrey Steinberg Partial Grant Communications and Facts on Processing Chelmowski's 10/15/2020 Request & 1/14/2021 Appeal

On February 13, 2023, FCC Jeffrey Steinberg partially granted Chelmowski's rights to facts and documents of the FCC processing his requests filed on October 15, 2020, and January 14, 2021, stating the following.

This letter responds to your Freedom of Information Act (FOIA) request FOIA Control No. 2022-000706. FOIA Control No. 2022-000706 seeks records related to FOIA Control No. 2021-000026, a related Privacy Act request,[2] and a related FOIA appeal.

In response to your request, the Office of the Managing Director (OMD) and the Office of General Counsel (OGC) conducted a search for responsive records. The searches undertaken located 278 pages of responsive records, 243 of which are being produced with this response, and 35 of which are being withheld for the reasons discussed below. In addition, some of the responsive records involve communications with staff of the National Archives and Records Administration (NARA). We consulted with NARA as to disclosure of these records. Some of

the pages produced herewith contain redactions for the reasons discussed below.

### D) FCC Jeffrey Steinberg Partial Grant Communications and Facts on Processing Chelmowski's 1/26/2021 Request & 3/17/2021 Appeal

On October 26, 2022, FCC Jeffrey Steinberg partially granted Chelmowski's rights to facts and documents of the FCC processing his requests filed on January 26, 2021, and March 17, 2021, stating the following.

> This letter responds to your Freedom of Information Act (FOIA) request FOIA Control No. 2022-000641. FOIA Control No. 2022-000641 seeks all records related to FOIA Control No. 2021-000214, a related Privacy Act request, and a related FOIA appeal.4 FOIA 2021-000214 in turn seeks communications held by several current and former FCC staff pertaining to you.

> In response to your request, the Office of the Managing Director (OMD) and the Office of General Counsel (OGC) conducted a search for records, locating 71 responsive emails or email chains, which we produce with this response. Some of the pages produced herewith contain redactions for the reasons discussed below. The instant production does not include material attached to emails you sent to the Commission or records that have already been provided to you through prior FOIA responses or decisions.

Chelmowski's April 12, 2023 request was not for FCC's emails containing his last name with specific email accounts to search as in the FCC requests FCC-2021-000214 and FCC-2022-000445.

### Argument #2 – This FOIA and Privacy Act is Not a Duplicate Request

The Department of Justice ("DOJ") provides requirements to deny a request as a duplicate request. This is not a duplicate request by DOJ or any other's definition.

### Duplicate Request Definition with Examples
The request was closed because it was a duplicate of another request received by the agency. Only requests from the same requester seeking the same information can be closed as duplicates.

Example 1: Requester A sends a request both by e-mail and U.S. mail. As a result, the agency inadvertently opens two request numbers and sends out two acknowledgment letters before realizing that it has received the same request from the same requester, just by separate means. The request received last should be closed as a duplicate request.

Example 2: Requester A makes a request for records that an agency denies in full pursuant to Exemption 6. Requester B makes a request for the same records to the same agency, and the agency again denies the request in full pursuant to Exemption 6. These are not duplicate requests for purposes of the Annual FOIA Report because the requester is different. Both requests should be counted and categorized as Full Denials Based on Exemptions.

### Argument #3 – FCC Never Provided These Responsive Documents in Any Other Request

The FCC never provided all these responsive records from any other of my requests.

The FCC must provided Chelmowski all responsive records that I should have received by September 29, 2023, with the FCC's mandatory FOIA Appeal/AFR decision by FCC Chairwoman Rosenworcel and Commissioners Carr, Starcks, and Simington no later October 30, 2023.

**Argument #4 – The FCC Cannot Deny Chelmowski's Rights Even if these records provide facts of FCC malfeasant and/or Fraudulent Acts.**

The FCC cannot deny my rights even if the responsive records provide facts of FCC malfeasant and/or Fraudulent Acts.

The FCC who regulates one-sixth the economy is required to the transparent under the FOIA law.

**"I argued that this was basic good government—that <u>an agency that regulates one-sixth of the economy should be transparent and 'show its work'</u>",** stated as fact by FCC former Chairman Ajit Pai in the FCC Order 18-156[1].

**"What is the Federal Communications Commission hiding? … <span style="color:red">Something here is rotten—and it's time for the FCC to come clean…. It is hiding what it knows about the fraud in our record and it is preventing an honest account of its many problems from seeing the light of day.</span>"** stated as fact by FCC current Chairwoman Jessica Rosenworcel in the FCC Order 18-156[2].

Congress enacted FOIA in order "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose,* 425 US 352, 361, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976) (citation omitted). "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *John Doe Agency v. John Doe Corp.*, 493 US 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989) (citation omitted). The statute thus provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules ... shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). Consistent with this mandate, federal courts have jurisdiction to order the production of records that an agency improperly withholds. See id. § 552(a)(4)(B); *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 US 749, 754–55, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). In making this determination, the court "[a]t all times ... must bear in mind that FOIA mandates a 'strong presumption in favor of disclosure.'" *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 32 (D.C. Cir. 2002) (quoting *Dep't of State v. Ray*, 502 US 164, 173, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991)). *Judicial Watch, Inc. v. United States Department of State,* 235 F.Supp.3d 310 (2017) (Judge James Boasberg)

**Argument #5 – The FCC Cannot Delete or Destroy Any of the Responsive Records Even if these records provide facts of FCC malfeasant and/or Fraudulent Acts.**

The FCC must preserve all responsive records that existed on the day of this September 29, 2023 request. The FCC cannot delete or destroy any of the responsive records.

The FCC must preserve my rights to all the FCC's FOIAonline records even though on October 1, 2023, the EPA is decommissioning FOIAonline, and the Public will no longer have access.

**Argument #6 – The FCC Cannot Use This FOIA Appeal/AFR Process to Illegal FOIA Denial to Delay Chelmowski's Rights to the Responsive  Records That Were Required to Produced on May 10, 2023**

---

[1] See online at https://docs.fcc.gov/public/attachments/FCC-18-156A1.pdf

[2] See online at https://docs.fcc.gov/public/attachments/FCC-18-156A1.pdf

The FCC must provide my right to all responsive records immediately and no later than October 30, 2023, with all the records in FCC's FOIAonline for my 2015 and 2016 requests and appeals.



The FCC cannot use this full denial of all responsive records to hurt my rights in active litigation Chelmowski v FCC DDC 23cv3200.

# IV. Conclusion

The burden of proof is on the defendant agency, which must justify its decision to withhold any information. See 5 USC § 552(a)(4)(B); *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1037 (7th Cir. 1998)

**<u>Argument #1 – This FOIA and Privacy Act is Not a Duplicate Request</u>**

**<u>Argument #2 – FCC Never Provided These Responsive Documents in Any Other Request</u>**

**<u>Argument #3 – The FCC Cannot Deny Chelmowski's Rights Even if these records provide facts of FCC malfeasant and/or Fraudulent Acts.</u>**

**<u>Argument #4 – The FCC Cannot Delete or Destroy Any of the Responsive Records Even if these records provide facts of FCC malfeasant and/or Fraudulent Acts.</u>**

**<u>Argument #5 – The FCC Cannot Use This FOIA Appeal/AFR Process to Illegal FOIA Denial to Delay Chelmowski's Rights to the Responsive Records That Were Required to Produced on September 29, 2023</u>**

The FCC Chairwoman and Commissioners must comply with their mandatory duties and make their Appeal/Application for Review decision on these five (5) arguments in this FOIA/PA request Appeal/Application for review by October 30, 2023.

**The FCC Chairman and Commissioners ONLY complied with their mandatory duties on ONE of my FOIA Appeals and Application for Review on October 20, 2023**, in providing a Memorandum Opinion and Order FCC 19-28. Through omission, negligence and/or willful conduct, the FCC and Commission did not provide Memorandum Opinion and Orders for all my other Appeal/AFRs filed prior to this FOIA Appeal / Application for Review, which were their mandatory duties by federal laws, regulations, directives, policy and/or procedures.

**"I argued that this was basic good government—that <u>an agency that regulates one-sixth of the economy should be transparent and 'show its work'",</u>** stated as fact by FCC former Chairman Ajit Pai in the FCC Order 18-156[3].

**"What is the Federal Communications Commission hiding? … <span style="color:red">Something here is rotten— and it's time for the FCC to come clean…. It is hiding what it knows about the fraud in our record and it is preventing an honest account of its many problems from seeing the light of day</span>."** stated as fact by FCC current Chairwoman Jessica Rosenworcel in the FCC Order 18-156[4].

The US Supreme Court, which was emphasis by the Department of Justice online, see below:

> The United States Supreme Court has explained that the, "**basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed**." The "FOIA is often explained as a means for citizens to know 'what their Government is up to.'" The Supreme Court stressed that "[t]his phrase should not be dismissed as a convenient formalism." Rather it, "defines a structural necessity in a real democracy." As President Obama has declared a, **"democracy requires accountability, and accountability requires transparency."** The FOIA "encourages accountability through transparency."

THIS REQUESTER **WILL NOT CONSENT** TO THE FCC GENERAL COUNSEL OR ANYONE ELSE TO INFORMALLY RESOLVING THIS FOIA APPEAL/APPLICATION FOR REVIEW TO THE FULL COMMISSION.

**<u>The FCC and FCC Commissioners</u>** *deadlines by law, regulations and directives of <u>20 days (excepting Saturdays, Sundays, and legal public holidays</u> for an Appeal/AFR <u>DETERMINATION</u> pursuant to FOIA 5 USC 552(a)(6) with determination by an FCC Memorandum Opinion and Order by the Commissioners pursuant to 47 CFR 0.461 and FCC FOIA Directive 1179.3. No later than October 30, 2023, to comply with the written Determination and Commissioners Memorandum Opinion and Order.*

Sincerely,

/s/ James Chelmowski
James Chelmowski
FOIA/PA Requestor

---

[3] See online at https://docs.fcc.gov/public/attachments/FCC-18-156A1.pdf
[4] See online at https://docs.fcc.gov/public/attachments/FCC-18-156A1.pdf

# EXHIBIT 4

Chelmowski's August 30, 2023 First-Party
FOIA and Privacy Act Request

All Documents and Records Regarding FCC
Processing His 2015 & 2016 First-Party FOIA
Requests and 2015 & 2016 FOIA Appeals

## August 30, 2023 FOIA & Privacy Act Request

<u>Date of Request</u>: August 30, 2023
<u>FOIA and Privacy Act Requester</u>: James Chelmowski
<u>FOIA Request Control Number</u>: FCC-2023-000792

**FOIA and Privacy Request is for the following:**

This is a FOIA and Privacy Act Request for Records Pertaining to the requester James Chelmowski.

This Request is for everything regarding all my FOIA requests and appeals filed in 2015 and 2016. The requested records include all communications, all FOIA Appeal and Application for Review decisions, commissioners' votes, everything regarding these FOIA Appeals and Application for Review, communications for all the FCC search requests, all search results, all FOIAonline logs, dates, assignments, date changes, entries, all records in FOIAonline, all the communications related to the request and everything related to the FCC Commission decision to "Affirm on Appeal" for my 2016 FOIA Appeals and Applicqtion for reviews, FCC Commission decision to "Request Withdraw" for my 2015 FOIA Appeal and Application for reviews, etc.

The search must include searching the FCC Privacy Act System of Records FCC/OMD-20 "Inter-office and Remote Access Internet E-mail System", FCC/OMD-17 "Freedom of Information Act (FOIA) and Privacy Act Requests", FCC "K" drive, Box files, FOIAonline, all OMD records, all OGC records, etc.

The FCC must include all communications in processing these requests, appeals, and applications for reviews including but not limited to the FOIA Appeal and Application for Review decisions, Commissioners' votes, Application for Review communications, all FCC searches, all search results, all FCC actions, etc.

The First-Party FOIA requests control numbers include FCC-2015-000768 and FCC-2015-000769 dated 9/11/2015; FCC-2016-000345 dated 2/10/2016, and FCC-2016-000665 dated 6/2/2016.

The related FOIA Appeals for these requests control numbers include FCC-2015-000889 dated 9/30/2015 closed 5/23/2016 with final disposition "Request Withdraw" in FOIAonline by Ryan Yates; FCC-2016-000487 dated 3/18/2016 closed 2/11/2019 with final disposition "Affirmed on Appeal" in FOIAonline by Joanne Wall; and my FOIA Appeal FCC-2016-000712 dated 6/23/2016, closed 2/11/2019 with final disposition "Affirmed on Appeal" in FOIAonline by Joanne Wall.  The FCC must provide all supporting documentation and communications regarding the Commission's FOIA Appeal and Application for Review including supporting documentation of compliance with 47 CFR 0.461(m).

FCC's 2017 and 2018 FOIA Annual Reports had the FOIA Appeals FCC-2016-000487 dated 3/18/2016 and FOIA Appeal FCC-2016-000712 dated 6/23/2016 included these 2 FOIA Appeals in the 10 oldest pending FOIA Appeals.

# EXHIBIT 5

## FCC's Full Denial of Chelmowski's August 30, 2023 First-Party FOIA and Privacy Act Request

## All Documents and Records Regarding FCC Processing His 2015 & 2016 First-Party FOIA Requests and 2015 & 2016 FOIA Appeals



Federal Communications Commission
Washington, D.C. 20554

September 19, 2023

**VIA ELECTRONIC MAIL**

James Chelmowski
705 W Central Rd.
Mt Prospect, IL 60056
jchelmowski@comcast.net

Re: FOIA Control No. 2023-000792

Mr. Chelmowski:

This letter responds to your Freedom of Information Act (FOIA) request, submitted on August 30, and seeking, in relevant part, "everything regarding al my FOIA requests and appeals filed in 2015 and 2016."[1] Your request has been assigned FOIA Control No. 2023-000792.

Commission staff determined portions of your request fall under the FOIA and Privacy Act (PA). We have assigned FCC-2023-000792 to the FOIA Office and FCC-2023-000794 to the PA component. After reviewing the FOIA portion of your request, we have determined FCC-2023-000792 to be wholly included in FOIA requests that are currently being processed, FCC-2021-000214 and FCC-2022-000445. As such, we have determined FCC-2023-000792 to be a duplicate request and will close it accordingly. Alternatively, given the breadth of the requests, we invite you to modify or narrow the scope of FCC-2021-000214 and FCC-2022-000445. To do so, please contact Stephanie Kost via email at stephanie.kost@fcc.gov.

If you consider this to be a denial of your FOIA request, you may seek review by filing an application for review with the Office of General Counsel. An application for review must be *received* by the Commission within 90 calendar days of the date of this letter.[2] You may file an application for review by mailing the application to Federal Communications Commission, Office of General Counsel, 45 L Street NE, Washington, DC 20554, or you may file your application for review electronically by e-mailing it to FOIA-Appeal@fcc.gov. Please caption the envelope (or subject line, if via e-mail) and the application itself as "Review of Freedom of Information Action."

If you would like to discuss this response before filing an application for review to attempt to resolve your dispute without going through the appeals process, you may contact the Commission's FOIA Public Liaison for assistance at:

FOIA Public Liaison
Federal Communications Commission
Office of the Managing Director
Performance Evaluation and Records Management
45 L Street NE, Washington, DC 20554
202-418-0440
FOIA-Public-Liaison@fcc.gov

---

[1] FCC FOIA Control No. 2023-000792 (Submitted Aug. 30, 2023).
[2] 47 CFR §§ 0.461(j), 1.115; 47 CFR § 1.7 (documents are considered filed with the Commission upon their receipt at the location designated by the Commission).

If you are unable to resolve your FOIA dispute through the Commission's FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies.  The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road–OGIS
College Park, MD 20740-6001
202-741-5770
877-684-6448
ogis@nara.gov
https://www.archives.gov/ogis

Sincerely,

*Vanessa Lamb* sk

Vanessa Lamb
Associate Managing Director
Office of the Managing Director
Performance and Program Management

# EXHIBIT 6

Chelmowski's FOIA Appeal and Application of Review of the FCC's Full Denial of Chelmowski's August 30, 2023 First-Party FOIA and Privacy Act Request

All Documents and Records Regarding FCC Processing His 2015 & 2016 First-Party FOIA Requests and 2015 & 2016 FOIA Appeals

September 21, 2023

Federal Communications Commission Office of General Counsel
445 12th St SW
Washington, DC 20554

## RE: Review of Freedom of Information Action for FCC control No. 2023-000792

*In the Matter of James Chelmowski On Request for Inspection of Records Control Number 2023-**000792***
***(FCC will furnish the FCC file number and this Commissioners Memorandum Opinion and Order on or before October 20, 2023, in its Required Determination)***

Dear Chairwoman Rosenworcel and Commissioners Carr, Starcks, and Simington:

I, James Chelmowski ("Requestor"), am writing for appeal and application for review to the Federal Communication Commission's ("FCC") response to the Freedom of Information Act ("FOIA") request FCC 2023-000792 dated through FOIAonline on August 30, 2023 ("FOIA Request") and September 19, 2023, FOIA signed response letter ("FOIA Determination"). This FOIA/PA Appeal is also pursuant to FCC regulations and policy an FOIA Application for Review for a full Commissioner vote with the names of the Chairman and Commissioner names involved with this FOIA/PA Appeal/Application for Review "Commissioners Memorandum Opinion and Order." due by October 20, 2023.

The Requester WILL NOT CONSENT to any informal resolution[2] for this Application for Review to the Full Commission/FOIA/PA Appeal. As the Commission knows, note to paragraphs (i) & (j) 47 CFR 0.461 requires the <u>Requester Consent</u> to informally resolve any Appeal/Application for Review ("Appeal/AFR") issues.

The FCC must provide a Commission Memorandum Opinion and Order addressing with legal authority of these four (4) arguments in this Application for Review and FOIA Appeal no later than October 20, 2023. Similar to my FOIA Appeal/AFR, the Commission finally complied with their mandatory duties on providing a Commission Memorandum Opinion and Order FCC 19-28 for the FOIA Appeal/AFR FCC-2019-086. See https://docs.fcc.gov/public/attachments/FCC-19-28A1_Rcd.pdf which included the following pursuant to FCC FOIA regulations 47 CFR 0.461(m) with the names of the Commissioners responsible for the FOIA Appeal/AFR decision:

**Federal Communications Commission**      **FCC 19-28**

**Before the**
**Federal Communications Commission**
**Washington, D.C. 20554**

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| James Chelmowski | ) | FOIA Control No. 2019-086 |
| | ) | |
| On Request for Inspection of Records | ) | |

### MEMORANDUM OPINION AND ORDER

**Adopted: April 4, 2019**                      **Released: April 5, 2019**

By the Commission:

1.　　By this Order, we deny an Application for Review by James Chelmowski[1] seeking review of the Office of General Counsel's (OGC) response to his Freedom of Information Act (FOIA) request.[2] We conclude that OGC properly responded to the request.

2.　　The FOIA and Commission regulations give the public the right to request that an agency produce records that are not routinely available for public inspection.[3] Generally, the agency must conduct a search for the requested records and produce them unless the agency determines that one or more of the FOIA's nine statutory exemptions apply.[4]

3.　　Mr. Chelmowski's FOIA request sought "all the FCC directives, procedures, policies and written instructions for the FOIA Application for Review process . . . from submission, reviewing, drafting documents, presentation to the Commission, Commission votes, FCC Commission voting on the Decision, sending communications to parties involved, etc."[5] OGC staff searched for responsive records and responded that the search "located no records other than those that are publicly available or have already been provided to [Mr. Chelmowski] in prior FOIA requests."[6] Prior records provided to Mr. Chelmowski included copies of the Commission's FOIA directive, FOIA guide, FOIA handbook, and FOIA regulations.[7] OGC's response also explained that staff familiar with the Commission's FOIA

procedures had confirmed that these were the only records that were responsive to Mr. Chelmowski's request.[8]

4.　　Mr. Chelmowski appeals OGC's response by arguing that OGC did not conduct an adequate search for responsive records. He contends that "the FCC did not conduct any search and only asked a few FCC staff members."[9] This argument misconstrues OGC's response. Staff conducted a search for responsive records, and in doing so found the same records that had been previously provided to Mr. Chelmowski. As part of this search, relevant subject matter experts on OGC's staff confirmed that there were no other records that might be responsive. Even if processing staff had merely discussed the issue with the relevant subject matter experts, such a search is acceptable under the FOIA. Courts have repeatedly held that an agency need not conduct a physical search if staff familiar with the records in question can attest that there are no records responsive to the request.[10]

5.    Mr. Chelmowski also asserts that the search could not have been adequate because he believes there must exist some specific document that precisely governs how the Commission's FOIA appeal process operates, and that it is inconceivable that an adequate search did not reveal such a document.[11] However, this ignores that Commission staff have already provided Mr. Chelmowski with hundreds of pages of records related to the Commission's handling of FOIA requests and appeals; the fact that an additional search of those records returned nothing new is unsurprising.  Furthermore, courts have consistently held that "a search is not inadequate simply because it failed to turn up a document that [a requester] believes must exist."[12]  For these reasons, we conclude that OGC's search for responsive records was adequate.

6.    Mr. Chelmowski also challenges OGC's decision to consolidate several of his requests for the purpose of calculating fees.[13]  We do not need to decide this issue.  The FOIA provides that requesters like Mr. Chelmowski may receive up to two hours of free search time on their requests.[14]  Even after Mr. Chelmowski's requests were consolidated, he did not exceed this two-hour threshold and he was not charged any fees for responding to this request.  Thus, his argument regarding the consolidation of his requests is moot.[15]

7.    ACCORDINGLY, IT IS ORDERED that the Application for Review filed by James Chelmowski IS DENIED.  Mr. Chelmowski may seek judicial review of this action pursuant to 5 U.S.C. § 552(a)(4)(B).

---

8.    The officials responsible for this action are the following:  Chairman Pai, and Commissioners Rosenworcel, O'Rielly, Carr, and Starks.[16]

FEDERAL COMMUNICATIONS COMMISSION

Marlene H. Dortch
Secretary

---

# I.  The FOIA/PA Request

The FOIA request was filed on August 30, 2023, which included the following

This is a FOIA and Privacy Act Request for Records Pertaining to the requester James Chelmowski.

This Request is for everything regarding all my FOIA requests and appeals filed in 2015 and 2016. The requested records include all communications, all FOIA Appeal and Application for Review decisions, commissioners' votes, everything regarding these FOIA Appeals and Application for Review, communications for all the FCC search requests, all search results, all FOIAonline logs, dates, assignments, date changes, entries, all records in FOIAonline, all the communications related to the request and everything related to the FCC Commission decision to "Affirm on Appeal" for my 2016 FOIA Appeals and Applicqtion for reviews, FCC Commission decision to "Request Withdraw" for my 2015 FOIA Appeal and Application for reviews, etc.

The search must include searching the FCC Privacy Act System of Records FCC/OMD-20 "Inter-office and Remote Access Internet E-mail System", FCC/OMD-17 "Freedom of Information Act (FOIA) and Privacy Act Requests", FCC "K" drive, Box files, FOIAonline, all OMD records, all OGC records, etc.

The FCC must include all communications in processing these requests, appeals, and applications for reviews including but not limited to the FOIA Appeal and Application for Review decisions, Commissioners' votes, Application for Review communications, all FCC searches, all search results, all FCC actions, etc.

The First-Party FOIA requests control numbers include FCC-2015-000768 and FCC-2015-000769 dated 9/11/2015; FCC-2016-000345 dated 2/10/2016, and FCC-2016-000665 dated 6/2/2016.

The related FOIA Appeals for these requests control numbers include FCC-2015-000889 dated 9/30/2015 closed 5/23/2016 with final disposition "Request Withdraw" in FOIAonline by Ryan Yates; FCC-2016-000487 dated 3/18/2016 closed 2/11/2019 with final disposition "Affirmed on Appeal" in FOIAonline by Joanne Wall; and my FOIA Appeal FCC-2016-000712 dated 6/23/2016, closed 2/11/2019 with final disposition "Affirmed on Appeal" in FOIAonline by Joanne Wall. The FCC must provide all supporting documentation and communications regarding the Commission's FOIA Appeal and Application for Review including supporting documentation of compliance with 47 CFR 0.461(m).

FCC's 2017 and 2018 FOIA Annual Reports had the FOIA Appeals FCC-2016-000487 dated 3/18/2016 and FOIA Appeal FCC-2016-000712 dated 6/23/2016 included these 2 FOIA Appeals in the 10 oldest pending FOIA Appeals.

## II.     FCC February 13, 2023 FOIA Response Determination Letter

On September 19, 2023, FCC Vanessa Lamb, Associate Managing Director, Office of the Managing Director, Performance and Program Management provided a signed Full Denial FOIA Response Letter. The letter includes the following with emphasis added:

> This letter responds to your Freedom of Information Act (FOIA) request, submitted on August 30, and seeking, in relevant part, "everything regarding al my FOIA requests and appeals filed in 2015 and 2016."[1] Your request has been assigned FOIA Control No. 2023-000792.
>
> Commission staff determined portions of your request fall under the FOIA and Privacy Act (PA). We have assigned FCC-2023-000792 to the FOIA Office and FCC-2023-000794 to the PA component. After reviewing the FOIA portion of your request, we have determined FCC-2023-000792 to be wholly included in FOIA requests that are currently being processed, FCC-2021-000214 and FCC-2022-000445. As such, we have determined FCC-2023-000792 to be a duplicate request and will close it accordingly. Alternatively, given the breadth of the requests, we invite you to modify or narrow the scope of FCC-2021-000214 and FCC-2022-000445. To do so, please contact Stephanie Kost via email at stephanie.kost@fcc.gov.

## III.    Arguments

### Argument #1 – This FOIA and Privacy Act is Not a Duplicate Request

The Department of Justice ("DOJ") provides requirements to deny a request as a duplicate request. This is not a duplicate request by DOJ or any other's definition.

### Duplicate Request Definition with Examples
The request was closed because it was a duplicate of another request received by the agency. Only requests from the same requester seeking the same information can be closed as duplicates.

Example 1: Requester A sends a request both by e-mail and U.S. mail. As a result, the agency inadvertently opens two request numbers and sends out two acknowledgment letters before realizing that it has received the same request from the same requester, just by separate means. The request received last should be closed as a duplicate request.

Example 2: Requester A makes a request for records that an agency denies in full pursuant to Exemption 6. Requester B makes a request for the same records to the same agency, and the agency again denies the request in full pursuant to Exemption 6. These are not duplicate requests for purposes of the Annual FOIA Report because the requester is different. Both requests should be counted and categorized as Full Denials Based on Exemptions.

**Argument #2 – FCC Never Provided These Responsive Documents in Any Other Request**

The FCC never provided all these responsive records from any other of my requests.

The FCC must provided Chelmowski all responsive records that I should have received by September 29, 2023, with the FCC's mandatory FOIA Appeal/AFR decision by FCC Chairwoman Rosenworcel and Commissioners Carr, Starcks, and Simington no later October 20, 2023.

**Argument #3 – The FCC Cannot Deny Chelmowski's Rights Even if these records provide facts of FCC malfeasant and/or Fraudulent Acts.**

The FCC cannot deny my rights even if the responsive records provide facts of FCC malfeasant and/or Fraudulent Acts.

The FCC who regulates one-sixth the economy is required to the transparent under the FOIA law.

**"I argued that this was basic good government—that an agency that regulates one-sixth of the economy should be transparent and 'show its work'",** stated as fact by FCC former Chairman Ajit Pai in the FCC Order 18-156[1].

**"What is the Federal Communications Commission hiding? … Something here is rotten—and it's time for the FCC to come clean…. It is hiding what it knows about the fraud in our record and it is preventing an honest account of its many problems from seeing the light of day."** stated as fact by FCC current Chairwoman Jessica Rosenworcel in the FCC Order 18-156[2].

Congress enacted FOIA in order "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose,* 425 US 352, 361, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976) (citation omitted). "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *John Doe Agency v. John Doe Corp*., 493 US 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989) (citation omitted). The statute thus provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules … shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). Consistent with this mandate, federal courts have jurisdiction to order the production of records that an agency improperly withholds. See id. § 552(a)(4)(B); *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 US 749, 754–55, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). In making this determination, the court "[a]t all times … must bear in mind that FOIA mandates a 'strong presumption in favor of disclosure.'" *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26,

---

[1] See online at https://docs.fcc.gov/public/attachments/FCC-18-156A1.pdf

[2] See online at https://docs.fcc.gov/public/attachments/FCC-18-156A1.pdf

32 (D.C. Cir. 2002) (quoting *Dep't of State v. Ray*, 502 US 164, 173, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991)). *Judicial Watch, Inc. v. United States Department of State,* 235 F.Supp.3d 310 (2017) (Judge James Boasberg)

**Argument #4 – The FCC Cannot Delete or Destroy Any of the Responsive Records Even if these records provide facts of FCC malfeasant and/or Fraudulent Acts.**

The FCC must preserve all responsive records that existed on the day of this August 30, 2023 request. The FCC cannot delete or destroy any of the responsive records.

The FCC must preserve my rights to all the FCC's FOIAonline records even though on October 1, 2023, the EPA is decommissioning FOIAonline, and the Public will no longer have access.

**Argument #5 – The FCC Cannot Use This FOIA Appeal/AFR Process to Illegal FOIA Denial to Delay Chelmowski's Rights to the Responsive Records That Were Required to Produced on September 29, 2023**

The FCC must provide my right to all responsive records immediately and no later than October 20, 2023 ,with all the records in FCC's FOIAonline for my 2015 and 2016 requests and appeal.

The FCC cannot use this full denial of all responsive records to hurt my rights in active litigation Chelmowski v FCC DDC 23cv3200.

# IV. Conclusion

The burden of proof is on the defendant agency, which must justify its decision to withhold any information. See 5 USC § 552(a)(4)(B); *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1037 (7th Cir. 1998)

**Argument #1 – This FOIA and Privacy Act is Not a Duplicate Request**

**Argument #2 – FCC Never Provided These Responsive Documents in Any Other Request**

**Argument #3 – The FCC Cannot Deny Chelmowski's Rights Even if these records provide facts of FCC malfeasant and/or Fraudulent Acts.**

**Argument #4 – The FCC Cannot Delete or Destroy Any of the Responsive Records Even if these records provide facts of FCC malfeasant and/or Fraudulent Acts.**

**Argument #5 – The FCC Cannot Use This FOIA Appeal/AFR Process to Illegal FOIA Denial to Delay Chelmowski's Rights to the Responsive Records That Were Required to Produced on September 29, 2023**

The FCC Chairwoman and Commissioners must comply with their mandatory duties and make their Appeal/Application for Review decision on these five (5) arguments in this FOIA/PA request Appeal/Application for review by October 20, 2023.

**The FCC Chairman and Commissioners ONLY complied with their mandatory duties on ONE of my FOIA Appeals and Application for Review on October 20, 2023**, in providing a Memorandum Opinion and Order FCC 19-28. Through omission, negligence and/or willful conduct, the FCC and Commission did not

provide Memorandum Opinion and Orders for all my other Appeal/AFRs filed prior to this FOIA Appeal / Application for Review, which were their mandatory duties by federal laws, regulations, directives, policy and/or procedures.

**"I argued that this was basic good government—that <u>an agency that regulates one-sixth of the economy should be transparent and 'show its work'</u>",** stated as fact by FCC former Chairman Ajit Pai in the FCC Order 18-156[3].

**"What is the Federal Communications Commission hiding? … <span style="color:red">Something here is rotten—and it's time for the FCC to come clean…. It is hiding what it knows about the fraud in our record and it is preventing an honest account of its many problems from seeing the light of day</span>."** stated as fact by FCC current Chairwoman Jessica Rosenworcel in the FCC Order 18-156[4].

The US Supreme Court, which was emphasis by the Department of Justice online, see below:

> The United States Supreme Court has explained that the, "**basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed**." The "FOIA is often explained as a means for citizens to know 'what their Government is up to.'" The Supreme Court stressed that "[t]his phrase should not be dismissed as a convenient formalism." Rather it, "defines a structural necessity in a real democracy." As President Obama has declared a, **"democracy requires accountability, and accountability requires transparency."** The FOIA "encourages accountability through transparency."

THIS REQUESTER **WILL NOT CONSENT** TO THE FCC GENERAL COUNSEL OR ANYONE ELSE TO INFORMALLY RESOLVING THIS FOIA APPEAL/APPLICATION FOR REVIEW TO THE FULL COMMISSION.

**<u>The FCC and FCC Commissioners</u>** *deadlines by law, regulations and directives of <u>20 days (excepting Saturdays, Sundays, and legal public holidays</u> for an Appeal/AFR <u>DETERMINATION</u> pursuant to FOIA 5 USC 552(a)(6) with determination by an FCC Memorandum Opinion and Order by the Commissioners pursuant to 47 CFR 0.461 and FCC FOIA Directive 1179.3. No later than October 19, 2023, to comply with the written Determination and Commissioners Memorandum Opinion and Order.*

Sincerely,

/s/ James Chelmowski
James Chelmowski
FOIA/PA Requestor

---

[3] See online at https://docs.fcc.gov/public/attachments/FCC-18-156A1.pdf
[4] See online at https://docs.fcc.gov/public/attachments/FCC-18-156A1.pdf

# EXHIBIT 7

## Chelmowski's September 21, 2023 First-Party FOIA and Privacy Act Request

## All Documents and Records Regarding FCC Processing His 2018 First-Party FOIA Requests and 2018 FOIA Appeals

## September 21, 2023 FOIA & Privacy Act Request

<u>Date of Request</u>: September 21, 2023
<u>FOIA and Privacy Act Requester</u>: James Chelmowski
<u>FOIA Request Control Number</u>: FCC-2023-000871
<u>Privacy Act Request Control Number</u>:

**FOIA and Privacy Request is for the following:**

This is a FOIA and Privacy Act Request for Records Pertaining to the requester James Chelmowski.

This Request is for all documents and communications relates to my 2018 FOIA and Privacy Act requests February 16, 2018 # FCC-2018-000410 and February 21, 2018 # FCC-2018-000425, and the February 23, 2018 FOIA Appeal # FCC-2018-000428.

Provide everything in the FCC Privacy Act System of Records FCC/OMD-20 FCC email system and FCC/OMD-17 FOIA "Freedom of Information Act (FOIA) and Privacy Act Requests for my request , FCC "K" drive, Box files, FOIAonline, all OMD records, all OGC records, etc.

Note. Privacy Manager Leslie Smith used the same FOIA control number to process these requests under the Privacy Act.

This must include documents related to the FCC Privacy Act searches in FCC Privacy Manager Leslie Smith's Declaration with search requests it must include but not be limited to all ten (10) system managers' search requests from Leslie Smith, and the ten (10) system managers' search results.

 See the following from Leslie Smith's September 22, 2020 declaration.

19. I identified the custodian responsible for maintaining each of the specified systems of records and directed each of those custodians to search the associated system of records for Mr. Chelmowski' s name and to report to me with the results of each search and any responsive records.
The search included the following systems of records:

• **FCC/CGB-1:** Informal Complaints, Inquiries, and Requests for Dispute Assistance
• **FCC/CGB-2:** Comment Filing System (ECFS)
• **FCC/EB-5:** Enforcement Bureau Activity Tracking System (EBATS)
• **FCC/OGC-3:** Adjudication of Internal Complaints against Employees
• **FCC/OGC-5:** Pending Civil Cases
• **FCC/OGC-6:** Private or Civil Injury Claimants
• **FCC/OIG-3:** Investigative Files
• **FCC/OMD-17:** Freedom of Information Act (FOIA) and Privacy Act Requests
• **FCC/OMD-18:** Telephone Call Details
• **FCC/OMD-20:** Inter-office and Remote Access Internet E-mail Systems

# EXHIBIT 8

FCC Privacy Manager Leslie Smith 2020
Declaration Submitted to the District Court on
October 9, 2020, Under the Penalty of Perjury

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES CHELMOWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-1394 (JEB) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| FEDERAL COMMUNICATIONS | ) |
| COMMISSION, US ENVIRONMENTAL | ) |
| PROTECTION AGENCY, and NATIONAL | ) |
| ARCHIVES AND RECORDS | ) |
| ADMINISTRATION | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DECLARATION OF LESLIE SMITH IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I, Leslie Smith, hereby declare as follows:

1.     The following facts are of my own personal knowledge, and if called as a witness

I could and would testify competently as to their truth.

2.     I currently serve as a Program Analyst and Privacy Manager in the Office of the

Managing Director of the Federal Communications Commission (FCC or Commission), a federal

agency headquartered at 445 12th Street SW, Washington, DC 20554.  In that capacity, my duties

include coordinating the production of records in response to Privacy Act record requests.

**A.     FCC No. 2017-511**

3.     On April 3, 2017, the FCC received a Privacy Act request from Mr. James

Chelmowski, which was assigned FCC No. 2017-511.  FCC No. 2017-511 requested "all records

about [Mr. Chelmowski] and/or indexed to [his] name … in all databases from January 1, 2011 to

date of search and production." A true and correct copy of Mr. Chelmowski's request in FCC No. 2017-511, excluding attachments, is attached as Exhibit 1.

4. On April 18, 2017, I sent Mr. Chelmowski a letter acknowledging the receipt of his request and explaining that the agency needed additional information to process his request under the Privacy Act. Specifically, the letter explained that pursuant to 47 C.F.R. § 0.554(a), Mr. Chelmowski needed to identify which specific system(s) of records maintained by the FCC he wished the agency to search.[1] A true and correct copy of that letter is attached as Exhibit 2.

5. On April 24, 2017, Mr. Chelmowski sent me a letter that, among other things, listed ten systems of records for the agency to search, which he identified as follows: FCC/CGB-1, FCC/EB-5, FCC/OGC-3, FCC/OGC-5, FCC/OGC-6, FCC/OIG-3, FCC/OMD-16, FCC/OMD-17, FCC/OMD-18, and FCC/OMD-20. A true and correct copy of that letter is attached as Exhibit 3.

6. Mr. Chelmowski subsequently sent me a series of communications—two on May 2, another on May 5, and another on May 10—urging prompt action on his request. True and correct copies of those communications are attached as Exhibits 4 through 7, respectively.

7. I identified the custodians responsible for maintaining each of the specified systems of records and directed each of those custodians to search the associated system of records for Mr. Chelmowski's name and to report to me with the results of each search and any responsive records. The search included the following systems of records:

- **FCC/CGB-1:** Informal Complaints, Inquiries, and Requests for Dispute Assistance
- **FCC/EB-5:** Enforcement Bureau Activity Tracking System (EBATS)
- **FCC/OGC-3:** Adjudication of Internal Complaints against Employees

---

[1]     Information on the systems of records maintained by the FCC is available on the FCC's Privacy Act website at https://www.fcc.gov/managing-director/privacy-transparency/privacy-act-information#systems.

- **FCC/OGC-5:** Pending Civil Cases

- **FCC/OGC-6:** Private or Civil Injury Claimants

- **FCC/OIG-3:** Investigative Files

- **FCC/OMD-16:** Personnel Security Files

- **FCC/OMD-17:** Freedom of Information Act (FOIA) and Privacy Act Requests

- **FCC/OMD-18:** Telephone Call Details

- **FCC/OMD-20:** Inter-office and Remote Access Internet E-mail Systems

8.      Upon searching those systems, agency staff located records responsive to Mr. Chelmowski's requests in four of the specified systems of records: FCC/CGB-1, FCC/EB-5, FCC/OGC-5, and FCC/OGC-6.

9.      On July 6, 2017, I sent Mr. Chelmowski a letter notifying him of the results of the search and providing him with copies of the records responsive to his request, with only limited redactions of the names and identifying numbers of Commission staff (which fall outside the scope of the Privacy Act, *see, e.g.*, *Haddon v. Freeh*, 31 F. Supp. 2d 16, 22 (D.D.C. 1998)).  A true and correct copy of that letter is attached as Exhibit 8.  Along with that letter, the agency released to Mr. Chelmowski all 57 pages of responsive records from the Consumer and Governmental Affairs Bureau, all 7 pages of responsive records from the Enforcement Bureau, and all 1,151 pages of responsive records from the Office of General Counsel.

10.      Because of some uncertainty about whether Mr. Chelmowski received all of the records, I re-sent them to him by email on July 10, 2017.  A true and correct copy of that email is attached as Exhibit 9.

11.      On July 10, 2017, and July 17, 2017, Mr. Chelmowski sent me two emails demanding explanations and legal authority on various matters.  True and correct copies of those emails are attached as Exhibits 10 and 11, respectively.

12.     On September 2, 2017, I sent Mr. Chelmowski an email explaining that my initial response letter inadvertently included instructions for how to appeal a response to a Freedom of Information Act request, rather than how to appeal a response to a Privacy Act request, and attaching a corrected response letter with the correct appeal instructions.  True and correct copies of that email and of the corrected response letter are attached as Exhibits 12 and 13, respectively.

13.     Although the corrected response letter notified Mr. Chelmowski that he had 30 days in which to appeal any part of the response by filing an application for review by the full Commission, Mr. Chelmowski did not do so.

**B.     FCC Nos. 2018-410 and 2018-425**

14.     On February 6, 2018, the FCC received a joint Freedom of Information Act (FOIA) and Privacy Act request from Mr. Chelmowski, which was assigned FCC No. 2018-410.  FCC No. 2018-410 requested records related to previous FOIA requests and appeals that Mr. Chelmowski had filed with the FCC and that had been assigned FCC Nos. 2016-768, 2015-769, and 2015-889. A true and correct copy of Mr. Chelmowski's request in FCC No. 2018-410 is attached as Exhibit 14.

15.     On February 21, 2018, the FCC received another joint FOIA and Privacy Act request from Mr. Chelmowski, which was assigned FCC No. 2018-425.  FCC No. 2018-425 requested records related to two other previous FOIA requests that Mr. Chelmowski had filed with the FCC and that had been assigned FCC Nos. 2016-345 and 2016-487.  A true and correct copy of Mr. Chelmowski's request in FCC No. 2018-425 is attached as Exhibit 15.

16.     That same day, Ryan Yates of the FCC's Office of General Counsel sent Mr. Chelmowski an email notifying him that the agency had determined that FCC No. 2018-425 was closely related to, and therefore was being consolidated with, FCC No. 2018-410.  A true and correct copy of that email is attached as Exhibit 16.

4

17.     FCC Nos. 2018-410 and 2018-425 were assigned to me for processing under the Privacy Act.[2]  On March 20, 2018, I sent Mr. Chelmowski a letter acknowledging the receipt of these Privacy Act requests and explaining that the agency would treat his requests as seeking any responsive records contained in the system of records identified as FCC/OMD-17: Freedom of Information Act (FOIA) and Privacy Act requests.  A true and correct copy of that letter is attached as Exhibit 17.

18.     That same day, Mr. Chelmowski sent me an email asking the agency to include nine additional systems of records in its search, which he identified as follows:

FCC/CGB-1: Informal Complaints, Inquiries, and Requests for Dispute Assistance

FCC/CGB-2: Comment Filing System (ECFS)

FCC/EB-5: Enforcement Bureau Activity Tracking System (EBATS)

FCC/OGC-3: Adjudication of Internal Complaints against Employees

FCC/OGC-5: Pending Civil Cases

FCC/OGC-6: Private or Civil Injury Claimants

FCC/OIG-3: Investigative Files

FCC/OMD-18: Telephone Call Details

FCC/OMD-20: Inter-office and Remote Access Internet E-mail System

A true and correct copy of that email is attached as Exhibit 18.

19.     I identified the custodian responsible for maintaining each of the specified systems of records and directed each of those custodians to search the associated system of records for Mr. Chelmowski's name and to report to me with the results of each search and any responsive records. The search included the following systems of records:

---

[2]     The agency's treatment of Mr. Chelmowski's requests under FOIA is addressed in a separate declaration by FCC staff responsible for processing FOIA requests.

- **FCC/CGB-1:** Informal Complaints, Inquiries, and Requests for Dispute Assistance
- **FCC/CGB-2:** Comment Filing System (ECFS)
- **FCC/EB-5:** Enforcement Bureau Activity Tracking System (EBATS)
- **FCC/OGC-3:** Adjudication of Internal Complaints against Employees
- **FCC/OGC-5:** Pending Civil Cases
- **FCC/OGC-6:** Private or Civil Injury Claimants
- **FCC/OIG-3:** Investigative Files
- **FCC/OMD-17:** Freedom of Information Act (FOIA) and Privacy Act Requests
- **FCC/OMD-18:** Telephone Call Details
- **FCC/OMD-20:** Inter-office and Remote Access Internet E-mail Systems

20.     Mr. Chelmowski sent me emails on April 5, 2018, and April 6, 2018, urging prompt action on his request.  True and correct copies of those communications are attached as Exhibits 19 and 20, respectively.

21.     On April 13, 2018, I sent Mr. Chelmowski an email notifying him that agency staff were working diligently on his request but that, due to the breadth of the request, it was taking considerable time to conduct the search and produce the responsive records.  A true and correct copy of that email is attached as Exhibit 21.

22.     Upon completing the search, agency staff located records responsive to Mr. Chelmowski's requests in three of the specified systems of records: FCC/CGB-1, FCC/CGB-2, and FCC/OMD-17.

23.     On April 18, 2018, I sent Mr. Chelmowski a letter notifying him of the results of the search and providing him with copies of the records responsive to his request.  A true and correct copy of that letter is attached as Exhibit 22.  Along with that letter, the agency released to Mr. Chelmowski all 24 pages of responsive records located in FCC/CGB-1, all 4 pages of

responsive records located in FCC/CGB-2, and all 3 pages of responsive records located in FCC/OMD-17.

    24.    Although my response letter notified Mr. Chelmowski that he could appeal the response by filing an application for review by the full Commission, Mr. Chelmowski did not do so.

    I declare, under penalty of perjury, that the foregoing is true and correct to the best of my recollection, knowledge, information, and belief. Executed on September 22, 2020, in Rockville, MD.

*Leslie Smith*

Leslie Smith

# EXHIBIT 9

## FCC Privacy Manager Leslie Smith's January 6, 2021 Legal Privacy Act Response Letter
## (note: he provided the wrong year on his letter)

See FCC Privacy Act policies and procedures Chapter 4, which is online at https://www.fcc.gov/sites/default/files/fcc-directive-1113.1.pdf, which states the following with emphasis added, "(G) **The Privacy Manager will send a second letter or e-mail to inform the individual of the results of the search.**"



# Federal Communications Commission
# Washington, DC 20554

January 6, 2020

**VIA ELECTRONIC MAIL**
Mr. James Chelmowski
705 West Central
Mount Prospect, Illinois 60056
jchelmowski@comcast.net

Re:  Control No.: 2021-000039

Dear Mr. Chelmowski:

On October 21, 2020, we received your request "under both FOIA 5 USC 552 and PRIVACY ACT 5 USC 552a," seeking "ANY and ALL documentation and communications regarding FCC FOIA and Privacy Act requests searches filed by this FOIA and Privacy Act requester," that are currently held by the Federal Communications Commission ("FCC").  Because your request sought information, in part, about yourself, we considered that portion of your request to be a records access request under the *Privacy Act of 1974*, 5 U.S.C. § 552a(d)(1).

In our October 27, 2020 response to you, we asked you to sign the FCC Privacy Identification Statement to verify your identity.  You returned the signed privacy statement on October 28, 2020.

Based on the information you have provided to us, we conducted a search of the FCC systems of records you identified by your name and the address you provided in the FCC Privacy Identification Statement.  The search found information related to you that had not been previously produced in the following systems of records: FCC/OGC-5, Pending Civil Cases, and FCC/OMD-17 (Freedom of Information Act (FOIA) and Privacy Act Requests).  We have attached the responsive records.

If you believe that FCC has additional records about you that are affiliated with a different address than the one you provided in your FCC Privacy Identification Statement, you may submit another FCC Privacy Identity Affirmation (updated form) that verifies your identity with alternate address(es).  We have attached a new FCC Privacy Identity Affirmation if you wish to submit a new request.

If you have any questions, please contact the Privacy Team at: Privacy@fcc.gov.

Sincerely,

*Leslie F. Smith*

Leslie F. Smith
Privacy Manager

Attachments:
        Responsive Documents
        FCC Privacy Identity Affirmation

# EXHIBIT 10

# FCC Lori Alexiou Impersonating the FCC's Privacy Manager in her April 13, 2023 Alleged Privacy Act Response Letter

See FCC Privacy Act policies and procedures Chapter 4, which is online at https://www.fcc.gov/sites/default/files/fcc-directive-1113.1.pdf, which states the following with emphasis added, "(G) **The Privacy Manager will send a second letter or e-mail to inform the individual of the results of the search.**"



# Federal Communications Commission
# Washington, DC 20554

April 13, 2023

VIA ELECTRONIC MAIL

Mr. James Chelmowski
6650 N Northwest Highway #300
Chicago, IL  60631
jchelmowski@comcast.net

Re:  Control No.: 2023-000495 and 2023-000496

Dear Mr. Chelmowski:

On April 6, 2023 and April 12, 2023, we received your latest in a series of Privacy Act requests seeking records from the FCC. We have assigned to these requests Control Nos. 2023-000495 and 2023-000496.

In your April 6 request, No. 2023-000495, you seek "all FCC federal records, including but not limited to all FCC internal communications pertaining to this requester James Chelmowski's FOIA and Privacy Act requests filed on May 9, 2022 (Assigned FCC-2022-000445 under the FOIA and FCC-2022-000460 under the Privacy Act), and December 29, 2022 (Assigned FCC-2023-000214 under the FOIA and not provided [you] any Privacy Act control number or response); and FOIA Appeal/Application for Reviews filed on February 8, 2023 (FCC-2023-000326) for the May 9, 2022 request."  For this request  you would like to have the following System of Records searched:

FCC/OMD-17: Freedom of Information Act (FOIA) and Privacy Act Requests
FCC/OMD-18: Telephone Call Details
FCC/OMD-20: Inter-office and Remote Access Internet E-mail System.

In your April 12 request, No. 2023-000496, you seek "communications, notes, FOIAonline logs, dates, assignments, date changes, entries, etc. for [your] FOIA and Privacy Act request FCC-

2017-000511 dated March 27, 2017, and [your] FOIA Appeal FCC-2017-000633 dated May 16, 2017." For this request you asked to have the following System of Records searched:

FCC/OMD-17: Freedom of Information Act (FOIA) and Privacy Act Requests
FCC/OMD-20: Inter-office and Remote Access Internet E-mail System.

Please note that the FCC/OMD-18: Telephone Call Details system of records only pertains to individuals who (1) work at an FCC facility (including FCC employees, contractors, and volunteers) and (2) who send or receive communications using FCC telecommunications equipment. We have searched that system of records and not found any responsive records. There is no evidence to indicate that you have ever been an FCC employee, contractor, or volunteer who has used FCC telecommunications equipment to send or receive communications, at least not since this system of records was published in 2017, so any additional searches of this system will produce the same results.

Please also note that the FCC/OMD-20: Inter-office and Remote Access Internet E-mail Systems system of records notice was rescinded on April 16, 2021. The notice of rescindment was published in the Federal Register on March 17, 2021 at https://www.govinfo.gov/content/pkg/FR-2021-03-17/pdf/2021-05541.pdf. Once a system of records notice has been rescinded, it is no longer possible to make a Privacy Act request from that system of records because that system no longer exists. Moreover, even when the OMD-20 system of records still existed, it only pertained to FCC employees and contractors. See 71 FR 17265, posted at https://www.govinfo.gov/content/pkg/FR-2006-04-05/pdf/06-3082.pdf.

The portions of your request falling under the *Freedom of Information Act*, 5 U.S.C. § 552, will be responded to under separate cover as appropriate.

If you have any questions, please contact the Privacy Team at: Privacy@fcc.gov.


Sincerely,

*Lori Alexiou*

Lori Alexiou

# EXHIBIT 11

# FCC Lori Alexiou Impersonating the FCC's Privacy Manager in her September 28, 2023 Alleged Privacy Act Response Letter

See FCC Privacy Act policies and procedures Chapter 4, which is online at https://www.fcc.gov/sites/default/files/fcc-directive-1113.1.pdf, which states the following with emphasis added, "(G) **The Privacy Manager will send a second letter or e-mail to inform the individual of the results of the search."**



# Federal Communications Commission
## Washington, DC 20554

September 28, 2023

VIA ELECTRONIC MAIL

Mr. James Chelmowski
705 W. Central Road
Mt. Prospect, IL  60056
jchelmowski@comcast.net

Re:  Control No.: 2023-000875

Dear Mr. Chelmowski:

On September 21, 2023, we received your latest in a series of Privacy Act requests.  For this request, you asked the FCC to:

> Provide everything in the FCC Privacy Act System of Records FCC/OMD-20 FCC email system and FCC/OMD-17 FOIA "Freedom of Information Act (FOIA) and Privacy Act Requests for my request which the FCC assigned control numbers for my FOIA and Privacy At request FCC-2018-000410, FCC-2018-000425, and my FOIA Appeal FCC-2018-000428.

As requested, we have searched FCC/OMD-17 for the records you requested.  The responsive Privacy Act records have been compiled into an Excel spreadsheet, which serves as a repository of all records responsive to your Privacy Act request. When the FCC conducts a search for Privacy Act request records in FOIAonline, the FOIAonline system exports the search results into an Excel spreadsheet containing all of the information pertaining to each request, such as the description of the request, relevant dates, FCC staff assigned to the request, etc. Such a spreadsheet is the most efficient way to transmit all of the relevant information that is contained in the FCC/OMD-17 system of records, which is maintained in FOIAonline.

We were unable to search FCC/OMD-20 because that system of records no longer exists. As we explained to you in our correspondence of April 13, 2023, and September 7, 2023 the FCC/OMD-20, Inter-office and Remote Access Internet E-mail Systems, system of records notice was rescinded on April 16, 2021. The notice of rescindment was published in the Federal Register on March 17, 2021 at https://www.govinfo.gov/content/pkg/FR-2021-03-17/pdf/2021-05541.pdf. Once a system of records notice has been rescinded, it is no longer possible to make a Privacy Act request from that system of records because that system no longer exists. Moreover, even when the OMD-20 system of records still existed, it only pertained to FCC employees and contractors. See 71 FR 17265, posted at https://www.govinfo.gov/content/pkg/FR-2006-04-05/pdf/06-3082.pdf.

The portions of your request falling under the *Freedom of Information Act*, 5 U.S.C. § 552, will be responded to under separate cover as appropriate.

If you have any questions, please contact the Privacy Team at: Privacy@fcc.gov.


Sincerely,

*Lori Alexiou*

Lori Alexiou

EXHIBIT 12

FCC Partial Grant and Partial Denial Response for Chelmowski's Prior 2022 Request for All Records and Communications in the FCC Processing His January 26, 2021 Request and Related FOIA Appeal

## **FACTS**

The FCC Conducted FOIA Searches for the Facts on the FCC Processing his January 26, 2021 Request and Related FOIA Appeal.

The FCC Will NOT FOIA Searches for the Facts on the FCC Processing his 2015 to 2018 Requests and Related FOIA Appeals.

The FCC Fully Denied Similar Requests in this Lawsuit for Chelmowski's Requests for All Records and Communications in the FCC Processing His 2015 to 2018 Requests and Related FOIA Appeals



Federal Communications Commission
Washington, D.C. 20554

October 26, 2022

**VIA ELECTRONIC MAIL**

James Chelmowski
705 W. Central Rd.
Mt. Prospect, IL 60056

jchelmowski@comcast.net

Re: FOIA Control No. 2022-000641

Mr. Chelmowski:

This letter responds to your Freedom of Information Act (FOIA) request FOIA Control No. 2022-000641.[1] FOIA Control No. 2022-000641 seeks all records related to FOIA Control No. 2021-000214,[2] a related Privacy Act request,[3] and a related FOIA appeal.[4] FOIA 2021-000214 in turn seeks communications held by several current and former FCC staff pertaining to you.[5]

---

[1] FOIA Control No. 2022-000641 (filed Aug. 1, 2022). FOIA Control No. 2022-000641 states:

> **Request for the following:**
>
> This is a first-party request under FOIA 5 USC 552 and the Privacy Act 5 USC 552a. Provide all FCC federal records, including but not limited to all FCC internal communications pertaining to this requester James Chelmowski's FOIA and Privacy Act request filed on January 27, 2021; and appeal filed on March 17, 2021. The responsive records must include all records, including all internal records located in the FOIAonline system for FCC-2021-000214, FCC-2021-000222, and FCC-2021-000335. These FCC communications must include but not be limited to the FCC internal communications regarding all the FCC communications in processing, searching, responding, etc., to the request and appeal.
>
> • January 27, 2021 FOIA and Privacy Act Request which the FCC assigned control number FCC-2021-000214 under FOIA and control number FCC-2021-000222 under the Privacy Act
>
> • March 17, 2021 FOIA Appeal and Application for Review which the FCC assigned control number FCC-2021-000335
>
> Privacy Act System of Records search must include FCC/OMD-17, FCC/OMD-18, and FCC/OMD-20.

[2] FOIA Control No. 2021-000214 (filed Jan. 27, 2021).

[3] FOIA Control No. 2021-000222 (filed Feb. 3, 2021).

[4] FOIA Control No. 2021-000335 (filed Mar. 17, 2021).

[5] Specifically, FOIA Control No. 2021-000214 seeks emails held by Ajit Pai, Thomas Johnson, Jr., Brendan Carr, Andrea Kearney, Scott Noveck, Stephanie Kost, Leslie Smith, Ryan Yates, William Knowles-Kellett, Vanessa Lamb, or Elizabeth Lyle, containing the term "Chelmowski," "Mr. C," or "Mr C."

In response to your request, the Office of the Managing Director (OMD) and the Office of General Counsel (OGC) conducted a search for records, locating 71 responsive emails or email chains, which we produce with this response. Some of the pages produced herewith contain redactions for the reasons discussed below. The instant production does not include material attached to emails you sent to the Commission or records that have already been provided to you through prior FOIA responses or decisions.

We also note that we are continuing to process FOIA 2021-000214 on a rolling basis and, to the extent the instant request seeks records responsive to that request, any such records have been, or will be, provided to you as appropriate in connection with that request.[6] The search in response to your Privacy Act request, FOIA 2021-000222, yielded no records that had not already been provided to you, and FOIA 2021-000335, your appeal of FOIA 2021-000214, was dismissed on procedural grounds and thus also disclosed no additional responsive records.[7] Therefore, the remaining records that are responsive to the instant request, FOIA Control No. 2022-000641, consist of records regarding the processing of the two aforementioned requests and appeal.

Records responsive to your request were withheld or redacted under FOIA Exemption 5.[8] Exemption 5 protects certain inter-agency and intra-agency records that are normally considered privileged in the civil discovery context. Exemption 5 encompasses a deliberative process privilege intended to "prevent injury to the quality of agency decisions."[9] To fall within the scope of this privilege the agency records must be both predecisional and deliberative.[10] Predecisional records must have been "prepared in order to assist an agency decision maker in arriving at his decision."[11] Deliberative records must be such that their disclosure "would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions."[12] The redacted information consists of email exchanges among agency staff deliberating about FOIA determinations and communicating revisions to draft FOIA correspondence prior to the final response. We also withheld email attachments containing draft FOIA response letters that were exchanged amongst Commission staff in the course of the deliberative process.

---

[6] *See, e.g.,* Letter from Jeffrey S. Steinberg, Federal Communications Commission, to James Chelmowski (July 26, 2022).

[7] *See* Letter from Lori Alexiou, Federal Communications Commission, to James Chelmowski (Feb. 3, 2021); *see also* Letter from Elizabeth Lyle, Federal Communications Commission, to James Chelmowski (Aug. 30, 2021).

[8] 5 U.S.C. § 552(b)(5).

[9] *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 151 (1975).

[10] *Id.* at 151-52.

[11] *Formaldehyde Inst. v. Dep't of Health and Human Servs.*, 889 F.2d 1118, 1122 (D.C. Cir. 1989); *see also Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980) ("In deciding whether a document should be protected by the privilege we look to whether the document is . . . generated before the adoption of an agency policy and whether . . . it reflects the give-and-take of the consultative process. The exemption thus covers recommendations, draft documents, proposals, suggestions, and other subjective documents . . .").

[12] *Formaldehyde Inst.*, 889 F.2d at 1122 (quoting *Dudman Commc'ns Corp. v. Dep't of the Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987)).

We have determined that disclosure of this information would cause specific reasonably foreseeable harms to the deliberative process, which Exemption 5 is intended to protect. Particularly, the withheld and redacted records consist of deliberations involving the advice and recommendations of junior staff to more senior staff, public exposure of which would foreseeably cause hesitation in offering candid opinions to superiors, resulting in self-censorship that would degrade the quality of agency decisions.

Exemption 5 also encompasses the attorney-client privilege. The attorney-client privilege covers "confidential communications from an attorney to a client . . . based upon confidential information provided by the client."[13] Some of the information redacted consists of legal advice from the agency's litigation staff confidentially sought by other agency attorneys.

We have determined that it is reasonably foreseeable that disclosure of this information would harm the attorney-client relationship, which Exemption 5 is intended to protect. Release of this information could impair open and frank communication between the agency's line attorneys and its litigation staff in seeking, or giving, legal advice.

Exemption 5 also encompasses the attorney work product privilege. This privilege covers documents and memoranda prepared by an attorney in contemplation of litigation.[14] Some of the redacted information relates directly to ongoing federal FOIA litigation, and consists of advice from agency attorneys regarding the handling of FOIA requests pending before the agency in light of that related litigation.

We have determined that it is reasonably foreseeable that disclosure would harm the adversarial trial process, which Exemption 5 is intended to protect. Release of this information would reveal attorney thought processes and undermine litigation strategy.

Records responsive to your request were also redacted under FOIA Exemption 6.[15] Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Balancing the public's right to disclosure against the individual's right to privacy, we have determined that release of this information would constitute a clearly unwarranted invasion of personal privacy. The redacted information consists of telephone numbers, email addresses, street addresses, employee leave plans, and other personal information. We have determined that it is reasonably foreseeable that disclosure would harm the privacy interests of the persons mentioned in these records, which Exemption 6 is intended to protect.

The FOIA requires that "any reasonably segregable portion of a record" must be released after appropriate application of the Act's exemptions.[16] The statutory standard requires the release of any

---

[13] *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 254 (D.C. Cir. 1977).

[14] *See Hickman v. Taylor*, 329 U.S. 495, 509-10 (1947); *Judicial Watch, Inc. v. Dep't of Justice*, 800 F. Supp. 2d 202, 212-13 (D.D.C. 2011); Fed. R. Civ. P. 26(b)(3).

[15] 5 U.S.C. § 552(b)(6).

[16] 5 U.S.C. § 552(b) (sentence immediately following exemptions).

portion of a record that is nonexempt and that is "reasonably segregable" from the exempt portion. However, when nonexempt information is "inextricably intertwined" with exempt information, reasonable segregation is not possible.[17]  The redactions made are consistent with our responsibility to determine if any segregable portions can be released.  To the extent non-exempt material is not released, it is inextricably intertwined with exempt material.

We also reviewed the redacted records to determine if discretionary release is appropriate.[18]  We produce in our discretion certain materials that could be legally withheld under the FOIA exemptions.  Although internal communications regarding the processing of FOIA and Privacy Act requests are generally subject to protection under the Exemption 5 deliberative process privilege, in this case we exercise our discretion to disclose many such internal communications about the processing of your FOIA and Privacy Act requests notwithstanding Exemption 5, in light of your stated interest in these matters and because we determine that the risk of harm to the agency's deliberative process interests in certain cases is outweighed by the interest in promoting transparency as it relates to the handling of your various engagements with the Commission.

We are required by both the FOIA and the Commission's own rules to charge requesters certain fees associated with the costs of searching for, reviewing, and duplicating the sought after information.[19]  To calculate the appropriate fee, requesters are classified as: (1) commercial use requesters; (2) educational requesters, non-commercial scientific organizations, or representatives of the news media; or (3) all other requesters.[20]

Pursuant to section 0.466(a)(8) of the Commission's rules, you have been classified for fee purposes under category (3) as an "all other requester."[21]  As an "all other requester," the Commission assesses charges to recover the full, reasonable direct cost of searching for and reproducing records that are responsive to the request; however, you are entitled to be furnished with the first 100 pages of reproduction and the first two hours of search time without charge under section 0.470(a)(3)(i) of the Commission's rules.[22]  The production in response to your request required less than two hours of search time, and is provided in electronic form.  Therefore, you will be charged no fees.

If you consider this to be a denial of your FOIA request, you may seek review by filing an application for review with the Office of General Counsel.  An application for review must be *received* by the Commission within 90 calendar days of the date of this letter.[23]  You may file an application for review by mailing the application to Federal Communications Commission, Office of

---

[17] *Mead Data Cent. Inc.*, 566 F.2d at 260.

[18] *See* President's Memorandum for the Heads of Executive Departments and Agencies, Freedom of Information Act, 74 Fed. Reg. 4683 (2009).

[19] *See* 5 U.S.C. § 552(a)(4)(A); 47 CFR § 0.470.

[20] 47 CFR § 0.470.

[21] 47 CFR § 0.466(a)(8).

[22] 47 CFR § 0.470(a)(3)(i).

[23] 47 CFR §§ 0.461(j), 1.115; 47 CFR § 1.7 (documents are considered filed with the Commission upon their receipt at the location designated by the Commission).

General Counsel, 45 L Street NE, Washington, DC 20554, or you may file your application for review electronically by e-mailing it to FOIA-Appeal@fcc.gov.  Please caption the envelope (or subject line, if via e-mail) and the application itself as "Review of Freedom of Information Action."

If you would like to discuss this response before filing an application for review to attempt to resolve your dispute without going through the appeals process, you may contact the Commission's FOIA Public Liaison for assistance at:

> FOIA Public Liaison
> Federal Communications Commission
> Office of the Managing Director
> Performance Evaluation and Records Management
> 45 L Street NE, Washington, DC 20554
> 202-418-0440
> FOIA-Public-Liaison@fcc.gov

If you are unable to resolve your FOIA dispute through the Commission's FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies.  The contact information for OGIS is:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road–OGIS
> College Park, MD 20740-6001
> 202-741-5770
> 877-684-6448
> ogis@nara.gov
> https://www.archives.gov/ogis

Sincerely,

*Jeffrey S. Steinberg*

Jeffrey S. Steinberg
Assistant General Counsel

Enclosures

cc:  FCC FOIA Office

EXHIBIT 13

FCC Partial Grant and Partial Denial Response for Chelmowski's Prior 2022 Request for All Records and Communications in the FCC Processing His October 15, 2020 Request and Related FOIA Appeal

# **FACTS**

The FCC Conducted FOIA Searches for the Facts on the FCC Processing his October 15, 2020 Request and Related FOIA Appeal.

The FCC Will NOT FOIA Searches for the Facts on the FCC Processing his 2015 to 2018 Requests and Related FOIA Appeals.

# The FCC Fully Denied Similar Requests in this Lawsuit for Chelmowski's Requests for All Records and Communications in the FCC Processing His 2015 to 2018 Requests and Related FOIA Appeals



Federal Communications Commission
Washington, D.C. 20554

February 13, 2023

**VIA ELECTRONIC MAIL**

James Chelmowski
705 W. Central Rd.
Mt. Prospect, IL 60056

jchelmowski@comcast.net

Re: FOIA Control No. 2022-000706

Mr. Chelmowski:

This letter responds to your Freedom of Information Act (FOIA) request FOIA Control No. 2022-000706.[1] FOIA Control No. 2022-000706 seeks records related to FOIA Control No. 2021-000026, a related Privacy Act request,[2] and a related FOIA appeal.[3]

In response to your request, the Office of the Managing Director (OMD) and the Office of General Counsel (OGC) conducted a search for responsive records. The searches undertaken located 278 pages of responsive records, 243 of which are being produced with this response, and 35 of which are being withheld for the reasons discussed below. In addition, some of the responsive records involve communications with staff of the National Archives and Records Administration (NARA). We consulted with NARA as to disclosure of these records. Some of the pages produced herewith contain redactions for the reasons discussed below.

We note that FOIA Control No. 2022-000706 overlaps some of your previous requests. Among these, FOIA Control No. 2021-000214 seeks any communications held by several current and former FCC staff pertaining to you, and FOIA Control No. 2022-000641 sought all records

---

[1] FOIA Control No. 2022-000706 (filed Sept. 2, 2022). FOIA Control No. 2022-000706 states:

  FOIA and Privacy Request is for the following:

  This is a FOIA and Privacy Act Request for Records Pertaining to the requester James Chelmowski. This Request is for all communications, notes, FOIAonline logs, dates, date changes, entries, etc. for my FOIA request FCC-2021-000026, Privacy Act request FCC-2021-000039 and FOIA Appeal FCC-2021-000184. Provide everything in the FCC Privacy Act System of Records FCC/OMD-17 FOIA "Freedom of Information Act (FOIA) and Privacy Act Requests for my request which the FCC assigned control numbers for my FOIA request FCC-2021-000026, my Privacy Act request FCC-2021-000039, and my FOIA Appeal FCC-2021-000184.

[2] FOIA Control No. 2021-000039 (filed Oct. 21, 2021).

[3] FOIA Control No. 2021-000184 (filed Jan. 14, 2021).

related to FOIA Control No. 2021-000214 and the related Privacy Act request and appeal.  To avoid unnecessary duplication and processing time, we selected search parameters for FOIA Control No. 2022-000706, including the custodians and time periods, that we reasonably expect to cover all responsive records not included among those responsive to FOIA Control Nos. 2022-000641 and 2022-000214.[4]  We also note that we responded to FOIA Control No. 2022-000641, providing 684 pages of responsive records, and are continuing to process FOIA Control No. 2021-000214 on a rolling basis.  Thus, to the extent the instant request seeks records responsive to these two requests, any such records have been, or will be, provided to you as appropriate.[5]  In addition, and for similar reasons, we are not producing documents that have already been provided to you in connection with the FOIA and Privacy Act requests that are the subject of this request, nor are we producing material attached to emails that you sent to the Commission.

Records responsive to your request were withheld or redacted under FOIA Exemption 5.[6]  Exemption 5 protects certain inter-agency and intra-agency records that are normally considered privileged in the civil discovery context.  Exemption 5 encompasses a deliberative process privilege intended to "prevent injury to the quality of agency decisions."[7]  To fall within the scope of this privilege the agency records must be both predecisional and deliberative.[8]  Predecisional records must have been "prepared in order to assist an agency decision maker in arriving at his decision."[9]  Deliberative records must be such that their disclosure "would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions."[10]  The redacted information consists of email exchanges among agency staff deliberating about FOIA determinations and communicating revisions to draft FOIA correspondence prior to the final response.  We also withheld email attachments containing draft decision letters and other supporting material that were exchanged amongst Commission and other federal agency staff in the course of the deliberative process.

---

[4] Specifically, we excluded searches for records held by custodians who were the subjects of the previous requests during the time periods covered by those requests.

[5] *See, e.g.* Letter from Jeffrey S. Steinberg, Federal Communications Commission, to James Chelmowski (July 26, 2022); Letter from Jeffrey S. Steinberg, Federal Communications Commission, to James Chelmowski (Oct. 26, 2022).

[6] 5 U.S.C. § 552(b)(5).

[7] *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 151 (1975).

[8] *Id.* at 151-52.

[9] *Formaldehyde Inst. v. Dep't of Health and Human Servs.*, 889 F.2d 1118, 1122 (D.C. Cir. 1989); *see also Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980) ("In deciding whether a document should be protected by the privilege we look to whether the document is . . . generated before the adoption of an agency policy and whether . . . it reflects the give-and-take of the consultative process.  The exemption thus covers recommendations, draft documents, proposals, suggestions, and other subjective documents . . .").

[10] *Formaldehyde Inst.*, 889 F.2d at 1122 (quoting *Dudman Commc'ns Corp. v. Dep't of the Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987)).

We have determined that disclosure of the information that we are withholding or redacting would cause specific reasonably foreseeable harms to the deliberative process, which Exemption 5 is intended to protect. Particularly, the withheld or redacted records consist of deliberations involving the advice and recommendations of junior staff to more senior staff, public exposure of which would foreseeably cause hesitation in offering candid opinions to superiors, resulting in self-censorship that would degrade the quality of agency decisions.

Exemption 5 also encompasses the attorney-client privilege. The attorney-client privilege covers "confidential communications from an attorney to a client . . . based upon confidential information provided by the client."[11] Some of the information redacted consists of or relates to legal advice from agency attorneys to other agency attorneys and non-attorney staff, including advice confidentially sought from the agency's litigation staff.

We have determined that it is reasonably foreseeable that disclosure would harm the attorney-client relationship, which Exemption 5 is intended to protect. Release of this information could impair open and frank communication among agency staff, including its litigation staff, in seeking, or giving, legal advice.

Exemption 5 also encompasses the attorney work product privilege. This privilege covers documents and memoranda prepared by an attorney in contemplation of litigation.[12] Some of the redacted information relates directly to ongoing federal FOIA litigation, and consists of advice from agency attorneys regarding the handling of FOIA requests and appeals pending before the agency in light of that related litigation.

We have determined that it is reasonably foreseeable that disclosure would harm the adversarial trial process, which Exemption 5 is intended to protect. Release of this information would reveal attorney thought processes and undermine litigation strategy.

Records responsive to your request were also redacted under FOIA Exemption 6.[13] Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." The redacted information consists of telephone numbers, email addresses, street addresses, and employee leave plans. Balancing the public's right to disclosure against the individual's right to privacy, we have determined that release of this information would constitute a clearly unwarranted invasion of personal privacy. We have determined that it is reasonably foreseeable that disclosure would harm the privacy interests of the persons mentioned in these records, which Exemption 6 is intended to protect.

---

[11] *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 254 (D.C. Cir. 1977).

[12] *See Hickman v. Taylor*, 329 U.S. 495, 509-10 (1947); *Judicial Watch, Inc. v. Dep't of Justice*, 800 F. Supp. 2d 202, 212-13 (D.D.C. 2011); Fed. R. Civ. P. 26(b)(3).

[13] 5 U.S.C. § 552(b)(6).

The FOIA requires that "any reasonably segregable portion of a record" must be released after appropriate application of the Act's exemptions.[14]  The statutory standard requires the release of any portion of a record that is nonexempt and that is "reasonably segregable" from the exempt portion.  However, when nonexempt information is "inextricably intertwined" with exempt information, reasonable segregation is not possible.[15]  The redactions and withholdings we have made are consistent with our responsibility to determine if any segregable portions can be released.  To the extent non-exempt material is not released, it is inextricably intertwined with exempt material.

We also reviewed the redacted and withheld records to determine if discretionary release is appropriate.[16]  We produce in our discretion certain materials that could be legally withheld under the FOIA exemptions.  Although internal communications regarding the processing of FOIA and Privacy Act requests are generally subject to protection under the Exemption 5 deliberative process privilege, in this case we exercise our discretion to disclose many such internal communications about the processing of your FOIA and Privacy Act requests notwithstanding Exemption 5, in light of your stated interest in these matters and because we determine that the risk of harm to the agency's deliberative process interests in certain cases is outweighed by the interest in promoting transparency as it relates to the handling of your various engagements with the Commission.

We are required by both the FOIA and the Commission's own rules to charge requesters certain fees associated with the costs of searching for, reviewing, and duplicating the sought after information.[17]  To calculate the appropriate fee, requesters are classified as: (1) commercial use requesters; (2) educational requesters, non-commercial scientific organizations, or representatives of the news media; or (3) all other requesters.[18]

Pursuant to section 0.466(a)(8) of the Commission's rules, you have been classified for fee purposes under category (3) as an "all other requester."[19]  As an "all other requester," the Commission assesses charges to recover the full, reasonable direct cost of searching for and reproducing records that are responsive to the request; however, you are entitled to be furnished with the first 100 pages of reproduction and the first two hours of search time without charge under section 0.470(a)(3)(i) of the Commission's rules.[20]  The production in this case is provided

---

[14] 5 U.S.C. § 552(b) (sentence immediately following exemptions).

[15] *Mead Data Cent. Inc.*, 566 F.2d at 260.

[16] *See* President's Memorandum for the Heads of Executive Departments and Agencies, Freedom of Information Act, 74 Fed. Reg. 4683 (2009).

[17] *See* 5 U.S.C. § 552(a)(4)(A); 47 CFR § 0.470.

[18] 47 CFR § 0.470.

[19] 47 CFR § 0.466(a)(8).

[20] 47 CFR § 0.470(a)(3)(i).

in electronic form. The search for responsive documents required 30 minutes by one individual at the GS-13 level, 15 minutes by one individual at the GS-14 level, and 125 minutes by three individuals at the GS-15 level, thus exceeding the two-hour limit. Because we are responding beyond the statutory deadline,[21] however, you will be charged no fees.

If you consider this to be a denial of your FOIA request, you may seek review by filing an application for review with the Office of General Counsel. An application for review must be *received* by the Commission within 90 calendar days of the date of this letter.[22] You may file an application for review by mailing the application to Federal Communications Commission, Office of General Counsel, 45 L Street NE, Washington, DC 20554, or you may file your application for review electronically by e-mailing it to FOIA-Appeal@fcc.gov. Please caption the envelope (or subject line, if via e-mail) and the application itself as "Review of Freedom of Information Action."

If you would like to discuss this response before filing an application for review to attempt to resolve your dispute without going through the appeals process, you may contact the Commission's FOIA Public Liaison for assistance at:

> FOIA Public Liaison
> Federal Communications Commission
> Office of the Managing Director
> Performance Evaluation and Records Management
> 45 L Street NE, Washington, DC 20554
> 202-418-0440
> FOIA-Public-Liaison@fcc.gov

If you are unable to resolve your FOIA dispute through the Commission's FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road–OGIS
> College Park, MD 20740-6001
> 202-741-5770
> 877-684-6448

---

[21] 47 CFR § 0.470(a)(3)(ii).

[22] 47 CFR §§ 0.461(j), 1.115; 47 CFR § 1.7 (documents are considered filed with the Commission upon their receipt at the location designated by the Commission).

ogis@nara.gov
https://www.archives.gov/ogis

Sincerely,

*Jeffrey S. Steinberg*

Jeffrey S. Steinberg
Assistant General Counsel

Enclosures

cc:  FCC FOIA Office

EXHIBIT 14

FCC Partial Grant and Partial Denial Response for Chelmowski's Prior 2023 Request for All Records and Communications in the FCC Processing His March 23, 2021 Request and Related FOIA Appeal

## **FACTS**

The FCC Conducted FOIA Searches for the Facts on the FCC Processing his March 23, 2021 Request and Related FOIA Appeal.

The FCC Will NOT FOIA Searches for the Facts on the FCC Processing his 2015 to 2018 Requests and Related FOIA Appeals.

# The FCC Fully Denied Similar Requests in this Lawsuit for Chelmowski's Requests for All Records and Communications in the FCC Processing His 2015 to 2018 Requests and Related FOIA Appeals



# Federal Communications Commission
## Washington, D.C. 20554

August 30, 2023

**VIA ELECTRONIC MAIL**

James Chelmowski
705 W. Central Rd.
Mt. Prospect, IL 60056
jchelmowski@comcast.net

Re: FOIA Control No. 2023-000599

Mr. Chelmowski:

This letter responds to your Freedom of Information Act (FOIA) request for "all communications, notes, FOIAonline logs, dates, assignments, date changes, entries, FOIA Public Liaison requests, etc. for my FOIA and Privacy Act request FCC-2021-000341 dated March 23, 2021, FOIA, and my FOIA Appeal FCC-2021-000570 dated July 19, 2021. The FCC assigned Privacy Act control number FCC-2021-000342 for processing this Request under the Privacy Act."[1]  Your request has been assigned FOIA Control No. 2023-000599.

In response to your request, the Office of the Managing Director and the Office of General Counsel searched for responsive records.  We produce to you 284 pages of responsive records.  We withhold in full 200 pages of responsive records, and redact some material on the pages produced, due to the reasons discussed below.

Records responsive to your request were withheld or redacted under FOIA Exemption 5.[2]  Exemption 5 protects certain inter-agency and intra-agency records that are normally considered privileged in the civil discovery context.

Exemption 5 encompasses a deliberative process privilege intended to "prevent injury to the quality of agency decisions."[3]  To fall within the scope of this privilege the agency records must be both predecisional and deliberative.[4]  Predecisional records must have been "prepared in order to assist an agency decision maker in arriving at his decision."[5]  Deliberative records must be such that their

---

[1] FCC FOIA Control No. 2023-000599 (Submitted June 1, 2023).  We note that, in your submission, you stated your request was being made under the FOIA and the Privacy Act. We have determined, however, that your request, as stated, falls squarely under the FOIA and will be administered as such.

[2] 5 U.S.C. § 552(b)(5).

[3] *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 151 (1975).

[4] *Id.* at 151-52.

[5] *Formaldehyde Inst. v. Dep't of Health and Human Servs.*, 889 F.2d 1118, 1122 (D.C. Cir. 1989); *see also Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980) ("In deciding whether a document should be protected by the privilege we look to whether the document is . . . generated before the adoption of an agency policy and whether . . . it reflects the give-and-take of the consultative process.  The exemption thus covers recommendations, draft documents, proposals, suggestions, and other subjective documents . . .").

disclosure "would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions."[6]  The withheld documents consist of an excel spreadsheet, draft response letters, document productions, and attachments to emails.  We have determined that disclosure of these records would cause specific reasonably foreseeable harms to the deliberative process, which Exemption 5 is intended to protect. Particularly, the withheld or redacted records implicate matters that require candor in the advice given to decision makers, which would be discouraged by the public release of the advice.

Exemption 5 encompasses the attorney work product privilege.  The privilege covers documents and memoranda prepared by an attorney in contemplation of litigation.[7]  Some of the redacted information consists of discussions among FCC attorneys regarding pending FOIA decisions and how the decisions relate to pending FOIA litigation.  We have determined that it is reasonably foreseeable that disclosure would harm the adversarial trial process, which Exemption 5 is intended to protect.  Release of this information could negatively affect future litigation.

Records responsive to your request were redacted under FOIA Exemption 6.[8]  Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  Balancing the public's right to disclosure against the individual's right to privacy, we have determined that release of this information would constitute a clearly unwarranted invasion of personal privacy.  The redactions protect personal telephone numbers and staff leave plans.  We have determined that it is reasonably foreseeable that disclosure would harm the privacy interest of the persons mentioned in these records, which Exemption 6 is intended to protect.

The FOIA requires that "any reasonably segregable portion of a record" must be released after appropriate application of the Act's exemptions.[9]  The statutory standard requires the release of any portion of a record that is nonexempt and that is "reasonably segregable" from the exempt portion. However, when nonexempt information is "inextricably intertwined" with exempt information, reasonable segregation is not possible.[10]  The redactions and/or withholdings made are consistent with our responsibility to determine if any segregable portions can be released.  To the extent non-exempt material is not released, it is inextricably intertwined with exempt material.

We also reviewed the withheld or redacted records to determine if discretionary release is appropriate.[11] Because of the reasonably foreseeable harm to agency decision-making process, we decline to make a discretionary release in this instance.  The materials that are protected from disclosure under Exemption 6 are not appropriate for discretionary release in light of the personal privacy interests involved.

---

[6] *Formaldehyde Inst.*, 889 F.2d at 1122 (quoting *Dudman Commc'ns Corp. v. Dep't of the Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987)).

[7] *See Hickman v. Taylor*, 329 U.S. 495, 509-14 (1947); *Judicial Watch, Inc. v. Dep't of Justice*, 800 F. Supp. 2d 202, 214-15 (D.D.C. 2011); Fed. R. Civ. P. 26(b)(3).

[8] 5 U.S.C. § 552(b)(6).

[9] 5 U.S.C. § 552(b) (sentence immediately following exemptions).

[10] *Mead Data Cent. Inc. v. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).

[11] *See* President's Memorandum for the Heads of Executive Departments and Agencies, Freedom of Information Act, 74 Fed. Reg. 4683 (2009).

We are required by both the FOIA and the Commission's own rules to charge requesters certain fees associated with the costs of searching for, reviewing, and duplicating the sought after information.[12]  To calculate the appropriate fee, requesters are classified as: (1) commercial use requesters; (2) educational requesters, non-commercial scientific organizations, or representatives of the news media; or (3) all other requesters.[13]

Pursuant to section 0.466(a)(8) of the Commission's rules, you have been classified for fee purposes under category (3) as an "all other requester."[14]  As an "all other requester," the Commission assesses charges to recover the full, reasonable direct cost of searching for and reproducing records that are responsive to the request; however, you are entitled to be furnished with the first 100 pages of reproduction and the first two hours of search time without charge under section 0.470(a)(3)(i) of the Commission's rules.[15]  The production in response to your request required less than two hours of search time, and was provided in electronic form.  Therefore, you will not be charged any fees.

If you consider this to be a denial of your FOIA request, you may seek review by filing an application for review with the Office of General Counsel.  An application for review must be *received* by the Commission within 90 calendar days of the date of this letter.[16]  You may file an application for review by mailing the application to Federal Communications Commission, Office of General Counsel, 45 L Street NE, Washington, DC 20554, or you may file your application for review electronically by e-mailing it to FOIA-Appeal@fcc.gov.  Please caption the envelope (or subject line, if via e-mail) and the application itself as "Review of Freedom of Information Action."

If you would like to discuss this response before filing an application for review to attempt to resolve your dispute without going through the appeals process, you may contact the Commission's FOIA Public Liaison for assistance at:

> FOIA Public Liaison
> Federal Communications Commission
> Office of the Managing Director
> Performance Evaluation and Records Management
> 45 L Street NE, Washington, DC 20554
> 202-418-0440
> FOIA-Public-Liaison@fcc.gov

If you are unable to resolve your FOIA dispute through the Commission's FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies.  The contact information for OGIS is:

---

[12] *See* 5 U.S.C. § 552(a)(4)(A); 47 CFR § 0.470.

[13] 47 CFR § 0.470.

[14] 47 CFR § 0.466(a)(8).

[15] 47 CFR § 0.470(a)(3)(i).

[16] 47 CFR §§ 0.461(j), 1.115; 47 CFR § 1.7 (documents are considered filed with the Commission upon their receipt at the location designated by the Commission).

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road–OGIS
College Park, MD 20740-6001
202-741-5770
877-684-6448
ogis@nara.gov
https://www.archives.gov/ogis

Sincerely,

*Vanessa Lamb* sk

Vanessa Lamb
Associate Managing Director
Office of the Managing Director
Performance and Program Management

Enclosures

cc:  OGC