IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES CHELMOWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 23-cv-15596 |
| ) | |
| FEDERAL COMMUNICATION ) | Judge John J. Tharp, Jr. |
| COMMISSION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

For the reasons set forth in the Statement below, the defendant's motion to dismiss or, alternatively, to transfer venue or stay the case [14] is granted. This action is dismissed without prejudice due to duplicative litigation. Civil Case Terminated.

## STATEMENT

In recent months, plaintiff James Chelmowski has filed several lawsuits naming the "Federal Communication [*sic*] Commission" (FCC) and other federal government agencies as defendants. *See, e.g.*, *Chelmowski v. Federal Communication Commission,* No. 23-cv-14491 (N.D. Ill.) (J. Kennelly) (dismissed as duplicative of a lawsuit filed before the U.S. District Court for the District of Columbia)[1]; *CHELMOWSKI v. FEDERAL COMMUNICATION COMMISSION*, No.

---

[1] "James Chelmowski has filed a pro se lawsuit in which he alleges the Federal Communications Commission violated the Freedom of Information Act (FOIA) and the Privacy Act in processing his request for information regarding its response to one of his prior FOIA requests. Mr. Chelmowski has a pending lawsuit regarding the earlier FOIA request in the US District Court for the District of Columbia (the D.C. lawsuit). The FCC has moved to dismiss this case as partially duplicative of the D.C. lawsuit or to transfer this case to that District. The Court concludes that Mr. Chelmowski's claims in this lawsuit overlap with his claims in the D.C. lawsuit. As the FCC argues the two cases involve the same parties and nearly identical FOIA and Privacy Act claims. Thus they are largely duplicative. A court may dismiss a case for reasons of wise judicial administration if it is duplicative of a parallel action pending in another federal court. *See McReynolds v. Merrill Lynch & Co.,* 694 F.3d 873 at 888-89 (7th Cir. 2012). That is the case here; the claims in the two cases do not significantly differ. The judge presiding over the D.C. lawsuit recently issued a ruling that disposed of some of the issues in that case. But the ruling did not dispose of the case in its entirety; it is still pending. Mr. Chelmowski is not entitled to maintain duplicative lawsuits in different courts involving the same or overlapping underlying conduct. For these reasons the Court grants defendant's motion to dismiss and dismisses this case without prejudice as duplicative of Mr. Chelmowski's D.C. lawsuit." *Chelmowski v. Federal*

22-cv-3200 (D.D.C); *Chelmowski v. National Archives and Records Administration,* No. 23-cv-14577 (N.D. Ill.) (J. Maldonado) (dismissed for want of prosecution); *Chelmowski v. National Archives and Records Administration*, No. 22-cv- 3176 (TSC) (D.D.C.); *Chelmowski v. U.S. Environmental Protection Agency*, No. 23-cv-14725 (N.D. Ill.) (J. Seeger) (motion to dismiss pending); *Chelmowski v. U.S. Environmental Protection Agency*, No. 22-cv-3177 (RDM) (D.D.C.).

In its motion to dismiss, the FCC argues that, for the same reasons laid out by Judge Kennelly in dismissing Mr. Chelmowski's complaint in NDIL Case No. 23-cv-14491, *see supra* n.1, the plaintiff's claims in this case should be dismissed as duplicative of his earlier-filed federal case against the FCC, which is currently pending before Judge Amit Mehta in the D.D.C. *See* CHELMOWSKI v. FEDERAL COMMUNICATION COMMISSION, No. 22-cv-03200-APM (D.D.C.).

"The district court has broad discretion to dismiss a complaint for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888 (7th Cir. 2012) (cleaned up). "A suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" *Id.* (quoting *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.,* 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)).

Here, Mr. Chelmowski complains that the FCC violated FOIA and the Privacy Act by denying and/or inadequately responding to multiple of his Freedom of Information Act (FOIA) requests. Those FOIA requests were about Chelmowski's own prior FOIA requests for information and records dating back to the 2010s and the FCC's procedures in responding to them, *i.e.*, FOIA requests about FOIA requests. Mr. Chelmowski essentially claims that the FCC has been unlawfully denying him information and records about how it responded to his prior requests for information and/or records the FCC had about him personally.

Based on the Court's review of the other cases cited by the FCC in its motion, it is evident that the gravamen of Mr. Chelmowski's complaint in this case, as described above, is largely the same as in Case No. 23-cv-14491 (N.D. Ill.) (J. Kennelly) (dismissed as duplicative) and Case No. 22-cv-03200-APM (D.D.C.). His complaints in those cases largely center around the adequacy of the FCC's responses to many of the records requests referred to in his complaint and accompanying exhibits in this case. They all accuse the FCC of fraud and corruption. To the extent that this case involves more recent records requests that are not referenced in the prior cases, it is evident that (i) they all concern similar subject matter, (ii) there would be a large overlap in discovery (including fact witnesses), and (iii) the issues that will need to be decided (*e.g.*, administrative exhaustion, adequacy of FCC's FOIA and Privacy Act response and withholding procedures) are largely the same. Lastly, as the FCC points out, Mr. Chelmowski seeks the same relief as in the other cases. *See* Def.'s Reply at 6 ("[T]he parallel cases seek similar relief. In both cases, Chelmowski seeks a declaration that the FCC has violated FOIA and the Privacy Act; asks the courts to order the FCC to comply immediately with FOIA and the Privacy Act, 'by providing Chelmowski with the required determinations . . . and all non-exempt records subject to

---

*Communication Commission,* No. 23-cv-14491 (N.D. Ill.) (J. Kennelly), 3/19/24 Minute Entry at ECF No. 32.

Chelmowski's' requests at issue in each case; and requests costs, damages, and attorney's fees. *Compare* Compl. at 35 *with Chelmowski I*, Compl. at 77-78, Ex. 1.").

Mr. Chelmowski does not explain why the present litigation is not duplicative of his earlier filed cases in his response to the motion to dismiss, ECF No. 19. Instead, he argues that the defendants' motion to dismiss for duplication is moot because the D.D.C. court ruled on his claims on summary judgment. But as the FCC points out, and based on the Court's review, that D.D.C. case remains open as of the date of this order, and a final judgment has not been entered.

Thus, for the reasons laid out above, and in the absence of any meaningful opposition by Mr. Chelmowski, the Court finds that Mr. Chelmowski's complaint in this case is duplicative of prior actions filed by him in federal court, including the D.D.C. case that remains pending, and sensible judicial administration dictates that this case should be dismissed without prejudice.

Dated: April 15, 2024

John J. Tharp, Jr.
United States District Judge